

meteor@inorbit.com
PLAINTIFF IN PRO SE
NATHAN SMITH
11040 OTSEGO STREET
NORTH HOLLYWOOD
91601

FILED
2021 APR 15 AM 9: 26

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

# LACV21-3242-RGK-KESx

NATHAN SMITH

   plaintiff

vs

GIA, Tom Moses, Nathan
Renfro, Jennifer Wilson
Susan Jacques  and does 1-50
defendants

1. Violation of California's
Unfair  Competition Laws (UCL)
California Business and Professional
Code Section 17200 et seq

2.Violation of  California False
Advertisement Laws (FAL)
California Business and Profession Code
sections 17500 et seq

3. Violation of  California Consumer
Legal Remedies Act (CLRA)civil code  1750 et
seq

(demand  for jury trial)

**ORIGINAL**

1

Plaintiff Nathan Smith brings this action against the defendants the GIA, Nathan Renfro , Tom Moses and Susan Jacques Jennifer Wilson and does 1-50

## 1. NATURE OF ACTION

Located on the GIA's web site

"Why doesn't the GIA issue grading reports for colored gemstones?
"The GIA responses that there is currently no broadly accepted grading system for colored gemstones. The grading of colored stones is a highly complex process with countless variables that makes a universal grading system difficult to establish."

"Does the GIA grade sapphire or other colored stones?"
The GIA does not grade or provide quality analysis for sapphire or other colored stones

These are the words of the GIA not Plaintiff and these words were advertised on the world wide web and the GIA defendant web site by the GIA and their co conspirators.

2. In the same breathe and through the same advertisement on the world wide web and on

there web site the Gia defendant and defendants Nathan Renfro, Tom Moses, Susan Jacques and Jwilson also begin offering services for colored gemstone grading despite the fact the

defendants previously and currently advertising that they had no expertise or universal

grading system in place to grade colored gemstones or colored diamonds.

This action targets the Gia unlawful, unfair, and fraudulent business practices of providing

colored gemstone and colored diamonds grading services that they advertise on there web site
even though these colored gemstones grading services according defendant GIA cannot be

provided because according to the Gia and the other defendants. "The complexity and lack of universal accepted standards for the colored gemstones grading services and the fact that the

GIA does not provide these services according to their own advertisement and statements to

Plaintiff and the Public". does not allow them to provide colored gemstone grading services.

2

3.The result is a fraudulent grading services that is being provided to the public by the GIA

and the other named defendants even though they lack the capabilities and universal standards and expertise to provide these services based on the GIA own admissions and advertisements. The result is the consumers and Plaintiff paying to get their color diamonds and gemstone graded by the GIA who is well aware that they lack the capacity, universal standards, universal broadly accepted grading system for colored gemstones to grade colored gemstones based on their own admissions and these colored gemstones would also include colored diamonds which is also according to the founder of the GIA a colored gemstone . Hundreds of thousands of the bogus grading certificates have been issued by the GIA to the unsuspecting public including Plaintiff who also paid for and received ~~two~~ thre of the bogus and fraudulent certificates issues by the GIA and the other defendants. Even though the GIA knew full and well that it lack the expertise , standards and capabilities and broadly accepted grading system for grading colored gemstones to issue colored gemstone grading reports. They still issued and are issuing on a daily basis thousands of these bogus and fraudulent colored gemstone grading reports and also providing their fraudulent colored gemstone grading services. The result also is that sham colored gemstone grading certificates are being flooded into the colored diamond and colored gemstone market by the GIA defendants and the other named defendants which as a direct result and cause and effect has caused harm to Plaintiff and and the consumers of America by putting bogus colored diamond and colored gemstone certificates out into the color diamond and colored gemstone market thereby hurting Plaintiff's business consisting of selling colored gemstone diamonds and colored gemstones. The defendants actions also harm Plaintiff and the consumers chances of knowing which colored gemstones are real or fake and which colored gemstone diamonds are real or fake because The GIA based on their own

3

admissions and advertisements lacks the capacity to grade colored gemstones so they should

not be issuing  bogus and fraudulent  color gemstone  grading  certificates or providing colored \\

gemstone grading services. The GIA greatly  benefits  from selling  the bogus colored  gemstones and colored  diamond  grading certificates to the tune of  100 million dollars in sales of the bogus and fraudulent colored gemstone grading certificates being fraudulently pushed upon the

unsuspecting public and Plaintiff.

4. The  California legislature and  Federal Regulations  prohibit this  misleading  practice. The law

recognizes the reality that consumers  purchase  services based on the services being advertised

as being provided. Accordingly the GIA and the other defendants have  an incentive to lie to

customers by  advertising services that  they  do not  have  the capabilities of providing.The

resulting harm is tangible the consumers expectation about the services being  provided by the

GIA  is that  they are getting  a  colored  diamond which is a colored gemstone  and  colored

gemstones  grading certificate from individuals who  have the capacity and  expertise to  offer

such services but  based  on the

GIA own admissions these services  are unable to be provided by the  GIA and  Plaintiff or  a

consumer would   not  have  purchased  the  services  from  the  GIA if  not  for their  false
                                                          2
claim and  advertisement they  could provide  colored diamond  and colored gemstone grading

services. But based on  the GIA defendant  and the named defendants own advertisements and

admissions they  had and have  no way  of providing the colored gemstone grading services that

they are now illegally providing and provided to Plaintiff  and the unsuspecting Public.


5.The downstream result of the GIA defendants  and  defendants  Tom Moses, Susan Jacques,

Nathan Renfro  and Jennifer Wilson actions  is that  the  colored gemstone prices and the public
                                                          4
and Plaintiff  are being harmed and also the  colored gemstone diamonds markets and colored

gemstone markets  are being harmed. This is   because  the  GIA defendants  and the other

defendants actions are flooding the market with colored gemstone grading certificates that

never should have been issued because the defendant GIA and the other named defendants lack
the expertise and universal accepted colored gemstone grading system to issue the colored

gemstone grading certificates or to provide colored gemstone grading services to Plaintiff and

the public or any one else . The down stream result was also that the GIA defendants and the

other named defendants illegally profitted from the issuance of these bogus and fraudulent

colored gemstone grading certificates. The defendants also defrauded Plaintiff and the Public

by selling and issuing these bogus and fraudulent colored gemstone grading certificates and by
providing the fraudulent colored gemstone grading services because the defendants were well

aware that they lacked the expertise, universally accepted standards and capacity to issue the

bogus and fraudulent colored gemstone grading certificates. The false and misleading

advertisement of the GIA defendant and the other named defendants acts as a bait and

switch. The GIA defendants and the other defendants simply advertise that they cant issue

colored gemstone grading reports or provide colored gemstone grading services and then in the

same breathe the defendants issue colored gemstone grading reports for colored gemstones

even though based on the defendants own admissions and advertisements the GIA defendants
and the other named defendants lack the ability to provide the services that they were

advertising to Plaintiff and the unsuspecting Public regarding their ability to grade colored

gemstones.

6. The GIA defendants and the other named and unnamed defendants' claims and

advertisement and assertions that they could grade colored gemstones and provide colored

gemstone grading

5

services and also issue colored gemstones grading certificates was a complete fabrication. The
GIA defendant and defendants Nathan Renfro, Susan Jacques, Tom Moses and Jennifer Wilson

knew full and well that they never had the ability or expertise or universally accepted standards

or capabilities to grade colored gemstones or issue colored gemstone diamond grading

certificates and they should have never advertised that they had these capabilities to Plaintiff
or the Public in general or sold the bogus and fraudulent certificates to Plaintiff and the

Public at large. The GIA defendants and co defendants scheme and false advertisement

tricked Plaintiff and the public into believing that The GIA defendants and the co-

defendants had the ability to grade colored gemstones and colored gemstone diamonds which

then induced Plaintiff and the public into using and paying for the GIA defendants and co

defendants bogus and fraudulent colored gemstone grading service. While unbeknownst to

Plaintiff and the public the GIA defendants and the co defendants completely lacked the

capabilities and expertise and universally accepted standards to grade and issue colored

gemstone certificates and to also provide colored gemstone grading services. This

based on the GIA defendants and co defendants own admissions and advertisements

on there web site and the world wide web. The defendants advertised and charged high prices
for services that did not exist and services that they the defendants knew that they did not

have the capabilities or expertise to provide and did not provide according to defendants own

advertisement and admissions. Plaintiff Nathan Smith fail victim to the GIA defendant and co

defendant illegal schemes.


7. The Colored Gemstone Grading services and colored gemstone grading certificates offered
by
the GIA defendants and the other co defendants are fictitious illegal and fraudulent and
deceptive and violates both federal and state laws because the GIA defendants and the co

defendants knew that they lacked the capacity, expertise and universally accepted grading

standard to grade and issue colored gemstone grading reports and because the defendants

admitted and advertised that the GIA defendant and co defendants did not grade colored

gemstones or issue colored gemstones grading reports or certificates or offer colored gemstone

grading services. Plaintiff Nathan Smith and the Public at large was harmed by the defendants

illegal scheme. The GIA defendants and co defendants are also charging defendants and

advertising prices for services that do not exist which is just another blatant violation of both
Federal and State laws. Plaintiff fail victim to the defendants illegal schemes and suffered

damages as a direct result of the defendants illegal

scheme.

8.Through the GIA defendant and co defendants false and misleading marketing advertising

and pricing scheme and illegal colored gemstone grading services scheme the GIA defendants

and the co defendants in a joint conspiracy violated and continues to violate California and

Federal laws prohibiting advertising goods for sale that are defective , that dont exist and that
are not sold as advertised and that harm consumers including Plaintiff. Specifically the GIA

defendants and Susan Jacques, Tom Moses, Nathan Renfro and Jennifer Wilson violated and
continues to violate. California Unfair Competition Law, Business and Professions Code

17200et seq (the UCL) California's False Advertisement Law Business and Profession Code

17500 et seq ( the FAL ) The California Consumer Legal Remedies Act , California Civil Code

1750 et seq (the CLRA) and the Federal Trade Commission Act (FTCA) "which prohibits unfair

or deceptive acts or practices in affecting commerce" ( 15 U.S.C. 45 (a) (1) and false

advertisement (15 U.S.C. 52 (a) ).

9.Plaintiff Nathan Smith brings this action based on the fact that Plaintiff purchased and
received one or more of the bogus and fraudulent colored gemstone grading certificates

and fraudulent colored gemstone diamond grading certificate services from the GIA

defendant and defendants Tom Moses, Nathan Renfro, Susan Jacques and Jennifer Wilson that
were deceptively advertised by the defendants and the defendant GIA on there web site and

the world wide web. The GIA defendant and co defendants knew that they lack the

capabilities, expertise and universally accepted standards to offer colored gemstone grading

services or colored gemstone diamonds grading services. The false offer of colored

gemstone grading and colored diamond gemstone grading services perception that the GIA

defendant and co defendants created in the mind of Plaintiff and the Public and the defendants
other negligent and fraudulent activities is the reason that Plaintiff Nathan Smith is bringing

this action. The GIA defendants and co defendants deceptively represented the scope of their

services and expertise when they offered the bogus and fraudulent colored gemstone

grading services and colored gemstone diamond grading services. Plaintiff Nathan Smith brings

this action in order to halt the dissemination of this false and misleading and deceptive offer of
colored gemstone grading and colored gemstone diamonds grading services perception that the

defendant GIA and co defendants has created in the mind of Plaintiff and the Public by using

deceptive, misleading and fraudulent advertisement, services and deceptive pricing and in

order to obtain redress for Plaintiff who purchased and was harmed by the defendants

deceptive grading scheme and pricing scheme and fraudulent offer of colored gemstone grading

services.  Plaintiff seeks to attain damages, restitution, injunctive relief, equitable relief

punitive relief and any other available relief as redress for the unjustly enrichment of the GIA

defendants and co defendants as result of the sale of the bogus and fraudulent sold and ,

advertised and issued colored gemstone and color gemstone diamond grading certificates which

8

were issued by defendant GIA and the co defendants during their illegal and fraudulent

scheme against Plaintiff and the Public even though the defendants knew full and well they had

no legal capacity to do so and did not provide these particular services based on the defendants

own advertisement and admissions.

10. Jurisdiction and Venue

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1332 (a)

11. Court has personal jurisdiction of defendants and venue is proper under 28 U.S.C.

1965(a)

1391. Defendant GIA is a california non profit which headquartered in California. Defendants

Susan Jacques, Tom Moses, Nathan Renfro, and Jennifer Wilson all reside in California . Both

defendants GIA and defendants Tom Moses, Jennifer Wilson, Susan Jacques and Nathan Renfro

directed their illegal actions herein to California and Plaintiff Nathan Smith residing in

California.

Venue is proper under 28 U.S.C. 1391 (B)(2) because the GIA defendants and co defendants
transact substantial business in this District. A substantial part of the events giving rise to

Plaintiff Nathan Smith claims arose here

12. PARTIES

Plaintiff

Plaintiff Nathan Smith resides in North Hollywood California. Plaintiff in reliance on the GIA

defendants and the co defendants fraudulent and false and and deceptive pricing and

advertisement and grading services purchased two bogus and fraudulent colored gemstone

9

grading reports from the GIA defendant and co defendants from there lab in Carlsbad

California. Plaintiff Nathan Smith honestly believed that he was getting a colored diamond

gemstone grading report and colored gemstone grading report services when he purchased the

bogus and fraudulent colored gemstone grading reports from the GIA defendants and co

defendants but in actual reality the GIA defendants and co defendants did not offer colored

gemstone grading  services or  colored gemstone  diamond  grading services and therefore should
have never been selling, advertising  or  offering services  or colored gemstone grading

certificates at there Carlsbad California GIA LAB. Plaintiff Nathan Smith  was  damaged in his

purchase  because  defendant  GIA  and  the co  defendants  false  advertisement and pricing for

services that they  did  not  have  the capabilities or expertise  or  universally accepted standards

to provide   fraudulently  charged  Plaintiff Nathan Smith  for  services  and  a colored gemstone

grading certificates  that  the defendants  knew full and well they  did  not have the right to

provide because  the defendants GIA and co defendants   own admission and advertisements

indicated that the defendants did not provide these services so therefore Plaintiff Nathan Smith

should have never been charged or advertised  these colored gemstone grading  services by the

defendant GIA and the co defendants.

13. Defendants

Susan Jacques  is  president at the  GIA Carlsbad  California Lab

Plaintiff is  informed  and  believes and upon  such  information and  belief  alleges that

defendant GIA is California non profit with principals offices in California. The

GIA operates Gia laboratories and advertise  on their  web site  as the GIA. The GIA defendant

advertise  and offer  educational and gem grading services world wide for a monetary fee.

defendants  Tom Moses, works  as an executive  and director of  Labs for  the GIA defendant in

10

Carlsbad California

Jennifer Wilson  is a vice president  for  the GIA defendant  lab  in Carlsbad California

Nathan  Renfro  is  managing colored gemstone  gemologist for  the  GIA defendant  Carlsbad

California lab


14. Plaintiff Nathan Smith  does not  know  the true names of  John Does  1-50  inclusive and

therefore sues such  defendants  by such  fictitious names. Plaintiff  Nathan Smith  is informed

and believes  and upon such information and belief alleges that each doe defendant is in some

manner legally  responsible for the damages suffered by  Plaintiff Nathan Smith. Plaintiff Nathan

Smith will  amend  this  Complaint  to set forth true names and capacities of the defendants when
they had been ascertained along with  the proper charging allegations as may be necessary.

15. FACTUAL BACKGROUND

The Fraudulent Colored Gemstone Grading and Colored Gemstone Diamonds Grading Schemes

GIA  defendant  is  a  non profit  whose  allege   mission statement  is the education  and

protection of the public  in relation to the gemstone  industry. According to  The GIA  defendant
their  sole purpose

is  to  protect  the  public  and  people  like Plaintiff Nathan Smith who is  a diamond  dealer

from  fraud  within  the gemstone  industry.  The  GIA  defendant  is  a  classic  example  of the

fox  guarding  the hen house  or  in this  instance  the  thieves  guarding  the  diamond  mine.

The GIA defendants  and co  defendants  Nathan  Renfro, Susan Jacques, Tom Moses  and

Jennifer Wilson offered colored  gemstone  grading  services and  colored gemstone grading

certificates at enormous fees even  they they lack the  expertise, capability  and  universal

accepted standards  to do so  but more importantly  the defendants own admissions and

advertisements on the GIA defendant's  web site  stated  that  the  defendants  did not provide
these services .

11

GIA is  suppose  to be  a  non profit  charity  and  all their  assets  are  to  be used  for  charity
for
consumers  and  people like Plaintiff  throughout the  State of  California.  The GIA defendants
and  their co defendants  advertise their illegal services  throughout  the State of  California  as

experts in   colored gemstone  grading services  and  colored gemstone grading certificate

services  even though  the  defendants  GIA  laboratories  had not been  accredited by

any  qualified professional laboratories  accreditation service. Also the defendants lack the

laboratories that would have allowed the defendants  to do the illegal services that  the

defendants  were offering to Plaintiff and the public because their was no universally  accepted

standard  for grading colored gemstones  and the grading of colored gemstones was too complex

to perform according to the GIA  defendants  and  co defendants own admissions  and advertising
on the defendants  web site.  Non  of the  GIA defendant  and

co  defendants  are  experts in their  field. Both defendants Tom Moses  and  defendant  Nathan

Renfro  are  the  heads  of  the  labs  located  at  the  GIA defendant  Carlsbad  California

headquarters.  Both  defendants Tom Moses  and  Nathan  Renfro  possess no more  then

diplomas  from  the  GIA  defendant's school  which is less then equivalent to a high school

diploma.

16. While  the  defendants  may  call themselves experts in their respected fields  this is  only

self  serving  because  neither one of the defendants  have  ever mined or  operated a  gem mine

or  made any  significant  gem deposit discover or scientific discovery but more importantly

neither  the  GIA  defendant or  defendant Nathan Renfro,  or  defendant  Tom Moses or their

co  defendants have  the  expertise or  capabilities  to grade colored gemstones.

12

THE  FOUNDER OF THE GIA ROBERT M  SHIPLEY'S  1948  BOOK   DICTIONARY
OF GEMS AND GEMOLOGY GIA   DEFINES "DIAMONDS"  AS A GEMSTONE OR GEM
( PAGE 64)  DIAMOND IS HIGHLY VALUED AS A GEM . SHIPLEY ALSO STATES
ON( PAGE 91 )THAT THE DEFINITION OF A GEMSTONE " IS ANY STONE OF ANY
VARIETY OF A GEM MATERIAL".

17.The GIA defendants and co defendants also self publish gemstone  magazines but  this  does

not make the information contained in there publications science or fact.  It certainly does not

make the writers or authors  experts in the  subject  contained in the publications. As these

defendants would leave you to believe.

ADVERTISED  In  big  and  bold letters  directly  on the GIA defendants'  web site

"WHY DOESNT THE GIA ISSUE GRADING REPORTS FOR COLORED STONES?"

18. The  GIA defendant and  co  defendants  response is

"There is currently no broadly accepted grading system for colored stones.

The grading of  colored stones is  highly complex process with  countless variables

that  make a universal grading system difficult to establish."


19. ADVERTISED IN BIG  AND BOLD LETTERS BY  DEFENDANT  GIA  AND  THE CO

DEFENDANTS  TOM MOSES NATHAN RENFRO SUSAN JACQUES  AND  JENNIFER

WILSON ON THE GIA DEFENDANT  WEB SITE

"DOES GIA  GRADE SAPPHIRE OR  COLORED STONES ?"

The  GIA  defendant  and co  defendants  response  to  their  own question

20. "GIA DOESNT  GRADE OR  PROVIDE QUALITY ANALYSIS FOR SAPPHIRE OR

COLORED STONES. GIA GEMOLOGICAL  IDENTIFICATION REPORTS ASSESS THE

CHARACTERISTICS OF  A STONE (WEIGHT , MEASUREMENT, SHAPE,  CUTTING

STYLE, AND COLOR )  DETERMINE IF IT IS NATURAL OR LABORATORY GROWN

13

INDICATE DETECTABLE TREATMENTS AND AT  THE  CLIENT  REQUEST WILL ISSUE

AN OPINION ON GEOGRAPHIC ORIGIN WHEN POSSIBLE"

21. ALSO LOCATED  ON THE  GIA DEFENDANT  AND CO  DEFENDANTS  WEB  SITE

"NATURAL COLORED  DIAMOND  REPORTS  AND  SERVICES"

"COLORED  DIAMOND GRADING  REPORT"

"FULL QUALITY ASSESSMENT ,COLOR GRADE AND CLARITY PLOT, IDENTIFIES

NATURAL VS TREATED COLOR FOR LOOSE NATURAL COLORED DIAMONDS

0.15 CARATS OR MORE"

22. "THIS COMPELING EVIDENCE AND PUBLIC ADVERTISEMENT BY THE

DEFENDANTS ON THE GIA DEFENDANT WEBSITE GOES TO THE HEART AND

CORE OF THE GIA DEFENDANTS AND CO DEFENDANTS TOM MOSES NATHAN

RENFRO SUSAN JACQUES AND JENNIFER WILSON FRAUDLENT SCHEME.

23. The scheme is that the GIA defendant and co defendants Tom Moses Susan Jacques

Nathan Renfro and Jennifer Wilson are selling and advertising colored gemstone grading

services and certificates to Plaintiff Nathan Smith and California consumers even though the

defendants know full and well that no such services or certificates exist because based on

the GIA defendants and co defendants own admissions and advertisement on the defendants

own web site the GIA defendants and co defendants do not offer "COLORED

GEMSTONE GRADING SERVICES OR COLORED GEMSTONE GRADING

CERTIFICATES"

24. Despite this obvious admission and glaring advertisement that they did not offer colored

gemstone grading services or colored gemstone grading certificates by the defendants on the

defendants web site and by the GIA defendants and co defendants Tom Moses Nathan

14

Renfro Susan Jacques and Jennifer Wilson own admissions. Despite the fact that the

defendants would be engaging in false advertisement and would be breaking numerous

federal and state laws. The defendant GIA and the co defendants still proceeded to flood

the market and dupe consumers and Plaintiff Nathan Smith into purchasing the defendants

bogus and fraudulent colored gemstone grading certificates and services. The GIA

defendants and co defendants charged Plaintiff Nathan Smith and California consumers

hundreds if not thousands of dollars for their bogus and fraudulent colored gemstone

25. grading certificates and services. The defendant GIA and the co defendants had no right to issue or charge Plaintiff Nathan Smith or California consumers for the bogus colored

gemstone certificates and services considering that the defendants were advertising that they did not offer these services and the defendant GIA and the co defendants also advertised

that they lack the expertise and capacity to grade colored gemstones or issue colored

gemstone grading reports. Plaintiff Nathan Smith and the California consumers were tricked and duped into buying the defendant GIA and co defendants services and bogus certificates .

Plaintiff Nathan Smith honestly believed that the GIA defendants and the co defendants had

the expertise and ability to grade and issue colored gemstone grading certificates . Plaintiff

Nathan Smith believed the defendant GIA and the co defendants based on the defendants

fraudulent advertisement in the California Market that they had the ability and expertise and

universal standard to issue and sell colored gemstone grading certificates and based on this

belief Plaintiff fail for the defendants scheme and purchased the defendants fraudulent

colored gemstone grading services and certificates.

15

26. PLAINTIFF NATHAN SMITH 'S INVESTIGATION

Plaintiff Nathan Smith's investigation of the GIA defendants and defendants Tom Moses

Susan Jacques, Nathan Renfro and Jennifer Wilson only verified the defendant's GIA and the

co defendants own admission and advertisement that the defendants lack the expertise,

skills, universal standard and capacity to grade colored gemstones and issue colored

gemstone grading reports.

Plaintiff Nathan Smith through his assistant Lewis Taheau submitted a million

dollar or more valued colored pink gemstone diamond to the defendant GIA and co

defendants for verification that the gemstone was a colored gemstone pink diamond.

Plaintiff Nathan Smith was tricked and duped by the defendants false advertising and false

advertising of colored gemstone services into using the GIA defendants and co defendants

fraudulent and bogus and non existent services that the defendants based on the defendants own

admissions and advertisements lack the capacity , universal standards and abilities to offer.

   Plaintiff Nathan Smith

was at all times and still is the rightful and full owner of the colored pink gemstone diamond.

Plaintiff Nathan Smith who is a certified diamond grader and miner and gemologist and

crystallographer and mineralogist had previously already verified that the colored gemstone

was in fact a pink diamond by using a spectrometer which is standard in the gem industry.

The spectrometer verified that the stone was a colored pink diamond gemstone and that it

registered with the 550 nm band spectrum which is specific to pink diamonds and Plaintiff had
the pink tetrahexahedron diamond crystal that the colored gemstone was cut from. Defendant
16

Nathan Renfro who is the manager of the GIA defendants' colored gemstone lab also verified

that Plaintiff Nathan Smith's gemstone had the 550 nm band spectrum and Plaintiff Nathan

Smith provided defendant GIA and the co defendants with his relevant info showing that the

pink colored gemstone was a pink diamond. Plaintiff paid for a colored gemstone grading

certificates which he received via the mail from the GIA defendant and the co defendants.

As further proof that the defendants own advertisement and admissions was supported by the

defendant GIA and co defendants own actions and services.

27. The GIA defendants and co defendants' colored gemstone grading certificate that they

had sent to Plaintiff Nathan

Smith and through his assistant had labeled a million dollar pink colored gemstone as a

worthless 10   dollar color gemstone or amethyst instead of diamond which should had been

the correct label and the   certificate should have reflected just that.

The bogus and fraudulent colored gemstone grading certificate was issued by the GIA

defendants and co defendants who claimed to be experts. But the issuance of the bogus and

fraudulent colored gemstone certificate by the GIA defendant and co defendants proved and

showed otherwise because Plaintiff Nathan Smith's diamond had wrongly been labeled an

amethyst by the GIA defendant and co defendants. The defendant GIA and co defendants issued

the bogus and wrong colored gemstone certificate despite being told by their own staff

manager gemologist defendant Nathan Renfro that the stone had a 550nm spectrum which is

specific and only for pink diamonds and despite the fact that the GIA defendant and co

defendants were in possession of relevant information such as the picture of the actual

diamond crystal that the stone was cut from which was also provided to the GIA defendants

and co defendants by Plaintiff Nathan Smith. Despite the fact that the defendants claimed to be

17

experts in their field and despite the fact that any seasoned or expert gemologist or diamond

grader would have immediately determined that Plaintiff Nathan Smith's gemstone   was a

diamond tetrahexahedron and had the correct shape and symmetry which belongs to the cubic

system and based on the fact that the stone was not an amethyst which belongs to the trigonal

system . The defendants bogus colored gemstone grading certificate still labeled Plaintiff Nathan

Smith's million dollar colored gemstone pink diamond an amethyst which was completely

wrong. The GIA defendants and co defendants did not have the legal right to grade color

gemstones or issue colored gemstone grading certificates based on the defendants' own

28. admissions and advertisement that the defendant GIA and the co defendants did not grade colored gemstones or issue colored gemstone grading certificates because the defendants lack the expertise, capacity and universal standards to do so. Plaintiff Nathan Smith was duped and

tricked by the Defendant GIA and the co defendants into purchasing the defendants bogus

certificates but if not for the defendant GIA and co defendants fraudulent and false

advertisements and the targeting of Plaintiff Nathan Smith and the California consumers by the
defendants Plaintiff Nathan Smith would have not being defrauded by the defendants and tricked
into using their non existent fraudulent colored gemstone grading services and into purchasing

the defendants fraudulent colored gemstone certificates.

29. PLAINTIFF NATHAN SMITH WAS INJURED BY THE GIA DEFENDANTS AND CO

DEFENDANTS DECEPTIVE COLORED GEMSTONE GRADING CERTIFICATE SCHEME

The Colored Gemstone grading services and certificates and prices offered by GIA

defendants and defendants Tom Moses Susan Jacques Nathan Renfro and Jennifer are fake

and not real based on the defendant GIA and the other co defendants own admissions and
18

advertisement as seen and can be found on the GIA defendants' web site. The GIA defendant
and co defendants colored gemstone services, certificates and prices are fake based on the

defendant GIA advertised statements that they could not offer color gemstone grading

services because of the complexity of offering the service and based on the fact that no

universal standards for grading colored gemstones existed. Simply put how could the GIA

defendants and co defendants dare or possibly sell Plaintiff Nathan Smith a colored

gemstone grading service and certificate and also advertise these services when in fact the GIA

30. defendant and co defendants  knew full and well  that  no such service  existed. The defendants

whole colored gemstone grading service and pricing was fictitious  and only  designed  to

defraud  and deceive Plaintiff and unsuspecting consumers  into purchasing  the defendants

bogus and fraudulent colored gemstone services and bogus and fraudulent  colored  gemstone

certificates.

Plaintiff was tricked and duped into using the defendant GIA  and  co  defendant services and

Plaintiff  paid  for these  services  and  was tricked into purchasing  the defendant GIA and co

defendants  bogus and fraudulent certificates.

The GIA defendants and the co defendants  knew  that  their  fraudulent  fictitious colored

gemstone grading services, advertisement and  certificates were  all illegal under California and

Federal law.

31. The GIA defendants  and  co  defendants  failed to  disclose  to Plaintiff  the fact  that  the

defendant GIA and  the co defendant had  decided  and  was  advertising  the  fact  that  they

could not  and did not offer  colored  gemstone grading services  and  certificates and pricing.

At  all and relevant times  the GIA defendants  and  co  defendants  has been under a duty to

Plaintiff Nathan Smith to disclose the truth about its non existent color gemstone grading

19

services and pricing  and certificates based on the defendants own admissions and advertisements
as can be found on the GIA defendants and co defendants web site.

The Defendant GIA  and the co defendants  fraudulently concealed  and intentionally  failed to

disclose to Plaintiff Nathan Smith the truth about the advertised  statements  about the defendants
not being  able to offer Colored Gemstone  grading services or  Colored Gemstone grading

certificates like the ones the defendants sold to and advertised fraudulently to Plaintiff Nathan

Smith and the Public at large.

32. Plaintiff Nathan Smith relied upon the GIA defendant and co defendants advertised prices and services stating that the defendants could provide colored gemstone grading services and

colored gemstone grading certificates. Plaintiff would not have purchased the GIA defendant and
co defendants services or the bogus certificates from the GIA defendants and the co defendants

if not for the defendants representations and false advertisement of services for colored

gemstone grading and colored gemstone grading certificates. Plaintiff Nathan Smith was tricked and duped into using the defendants non existent services and bogus certificates based on the

defendants false advertisement and false pricing and false services that the GIA defendants and

co defendants advertised on their web site to Plaintiff Nathan Smith and the Public at large.

The GIA defendants and co defendants advertisements and services was a switch and bait

scheme because the GIA defendants and co defendants were well aware of the fact that they did not offer the services that they had sold and advertised to Plaintiff Nathan Smith .

33. Plaintiff Nathan Smith reasonably and justifiably acted on and relied on the advertised

services   of the GIA defendants and co defendants when Plaintiff purchased the defendant

GIA and co  defendants colored  gemstone grading services and colored  gemstone certificates

and Plaintiff                              20

Nathan Smith made the purchases fully believing that the GIA defendant and co defendants

would be able to provide Colored gemstone grading services and a colored gemstone grading

certificate for Plaintiff's Nathan Smith pink colored gemstone diamond. Plaintiff  Nathan Smith

and the unsuspecting Public were lured in and relied on  and ensnared in the GIA defendants

and co defendants and Plaintiff Nathan Smith and the public was damaged by the GIA

34. defendants and co defendants fictitious and  fraudulent advertised, sold  and marketed

defendants' Colored  gemstone grading services  and Colored gemstone grading certificate

scheme the GIA defendant  and  defendants Tom Moses  Susan Jacques Jennifer Wilson and

Nathan Renfro  and their un named co defendants  carried  out.

35. The GIA defendants  and the co  defendants  intentionally  concealed  and failed to disclose

material facts regarding  the truth about  the defendants non existent colored gemstone grading

services  and  colored gemstone grading certificates that the defendants were fraudulently

advertising and selling to the public including Plaintiff Nathan  Smith in order to provoke

Plaintiff Nathan Smith and the public  into buying  the defendant GIA  and co defendants

fraudulent colored gemstone grading services  and  colored  gemstone grading certificates.

21

## CAUSES OF ACTIONS

### 36.   FIRST CAUSE  OF ACTION

Violation of  California 's Unfair Competition Laws (UCL)
California Business and  Professions Code  17200 et seq

Plaintiff  Nathan Smith  repeats  an re-alleges  the allegations  contained  in every preceding

paragraph as is fully set forth herein.

The UCL defines unfair business competition to include  any  unlawful, unfair,  or fraudulent  act or practice as well as  any  unfair, deceptive, untrue, or misleading advertising. Cal Bus. Prof

Code  17200   Each Prong  of the UCL is a separate and distinct theory of liabilty. S Bay

Chevrolet vs Gen Motors  Acceptance Corp85  Cal Rptr 2d 301 316 (Cal App 1999)

Under the Unlawful  Prong  a practice violates  the UCL if it is also violates another state and

federal law.  The UCL borrows   violations of the laws and treats them as  independently

actionable.  Cel Tech Commc' ns  Inc   vs L.A.  Cellular Tel  Co 20 Cal 4th 163, 180,(1999)

The UCL provides for a private right of action . VP Racing Fuels Inc vs Gen Petrol Corp  673

F.Supp  2d 1073 1082 (E. D. Cal 2009)  ( citing  Summit Tech Inc v  High LIne Med

Instructments Co 933 F. Supp 908 C. D  Cal 1996) It is not necessary that the predicate  law

provide  for private civil enforcement"

22

The UCL imposes strict liability. Plaintiff Nathan Smith  need not  prove that  the GIA defendant

and  defendants  Nathan Renfro Susan Jacques Tom Moses and Jennifer Wilson  intentionally or

negligently engaged  in unlawful, unfair, or fraudulent business practices but only that such

practices occurred.

37. The "Unfair" Prong

A business act or practice  is unfair  under the UCL if it offends an established  public policy or

is  immoral, unethical, oppressive,  unscrupulous or substantially injurious to consumers and that

unfairness  is determined by weighing the  reasons, justifications,  and motives  of the practice

against the gravity of the harm to the allege victims.

38 .Defendant GIA and defendants  Tom Moses Susan Jacques , Nathan Renfro  and Jennifer

Wilson

actions constitute unfair business practices because , as alleged  above Defendant GIA  and the
co
defendants both named and unnamed engaged in misleading and deceptive pricing for services

that did not exist. This represented false advertising and advertising  for  fictitious services  that

did really exist and it  represented selling  services and certificates  that  could and should not

have been sold by the GIA defendants  and co  defendants because  based on the defendants own

admissions and advertising  the defendants  did not provide  the advertised services and also

lacked the  expertise  and  capacity and universal accepted standards to do so. The defendants

colored gemstone services and colored gemstone grading certificates were all a fantasy and

fictitious because  the defendant GIA and the co  defendants  did not provide such services or

certificates according to the defendants  own admissions and advertising which could be seen on

the defendants web site.The defendants  had Plaintiff Nathan Smith and the public at  large

purchase  and buy  the defendants certificates  and services. Plaintiff was tricked and inducted

23

into buying the defendants certificates and services  because of the defendants false pricing  and

advertising and services that were offered by the defendants.  The GIA defendants and
defendants
Tom Moses Jennifer Wilson Susan Jacques and Nathan Renfro  acts  and practices offended an

established  public policy  of transparency  in pricing and servicing and advertising  and
engaged
in  immoral, unethical, oppressive, and unscrupulous activities  that were substantially injurious

to Plaintiff Nathan Smith and the public at large.

39. The harm caused to Plaintiff Nathan Smith  and the public at large outweighs the utility of the
GIA defendants  and co defendants practices. There were reasonably available alternatives  to

further  the GIA defendants  and  co defendants  legitimate business interest other then the

misleading and  deceptive conduct  described  herein.

40. The "Fraudulent" Prong

A business or practice  is  fraudulent  under the UCL  if it is likely to deceive members of the

consuming  public.

The GIA defendants  and the co defendants acts  and practices alleged  above  constitutes

fraudulent business acts  or practices as they have deceived Plaintiff  Nathan Smith  and are

highly likely to deceive members of the consuming  public.  Plaintiff Nathan Smith relied on

defendant GIA  and the co defendants  fraudulent and deceptive representations  regarding the

colored gemstone grading services and colored gemstone grading certificates that the defendants

were advertising and offering for sale on their web site. This representations and advertisements

played a substantial role  in  Plaintiff Nathan Smith"s decision to purchase the defendants

fraudulent and non existent colored gemstone grading services and colored gemstone grading

certificates. Plaintiff Nathan Smith would not have purchased the defendants certificates and

services without the GIA defendants  and co  defendants Tom Moses Susan Jacques Nathan

Renfro and Jennifer Wilson misrepresentations.  Plaintiff Nathan Smith was duped and tricked by

the  defendants  false advertisement and false colored gemstone grading service claims

presented   by the defendants on there web site.

A business act or  practice  is unlawful  under  the UCL  if it violates  any other law or regulation

41. "Unlawful" Prong

Plaintiff Nathan Smith also reported the GIA defendant misconduct and violations of the law to the California Dept of Consumer Affairs Bureau for Post Private Secondary Schools . An investigation was opened against the GIA defendants which resulted in violations of the law being found concerning the exact same allegations that Plaintiff Nathan Smith is now raising in his lawsuit. The Bureau for Post Private and Secondary Schools concluded that the defendants false advertisement and offer of fake color gemstone grading and certificate services was in violation of California law. The GIA defendant is awaiting enforcement and disciplinary action from the State of California concerning their alleged conduct.

42. The GIA defendant and the co defendants acts and practices alleged above constitute unlawful

business acts or practices as they have violated state and federal law in connection with their deceptive advertising, pricing and servicing schemes. The Federal Trade Commission Act (FTCA) prohibits unfair or deceptive acts or practices in or affecting commerce(15 U.S.C. 45 (a) (1) ) and prohibits the dessemination of any false advertisement . 15 U.S.C. 52(a)Under the Federal Trade Commission the false pricing , servicing and advertising schemes committed by the defendants are describes as deceptive business practices that would violate the FTCA.

In addition to federal Law California law also expressly prohibits false pricing schemes.

California False Advertising Law Bus and Prof Code 17501

25

43. As detailed in Plaintiff Nathan Smith third cause of action below the Consumer Legal Remedies

Act Cal Civ Code 1770 (a)(9) (CLRA) prohibits a business from advertising goods or services with intent not to sell them as advertised. and subsection (a) (13) prohibits a business from making false or misleading statements of fact concerning reasons for existence of amounts of or

amounts of price reduction.

44. The violation of any law constitutes an unlawful business practice under UCL

As detailed herein the acts and practices alleged were intended to or did result in violation of

the FTCA the FAL and the CLRA

The GIA defendant and co defendants practices as set forth above. have misled Plaintiff Nathan

Smith and the public in the past and present and will continue to mislead in the future.

Consequently the GIA defendant and co defendant practices constitute an unlawful, fraudulent,

and Unfair Business practice within the meaning of the UCL.

The GIA defendants and co defendants violation of the UCL through their unlawful, and

fraudulent business practices are ongoing and present a continuing threat that Plaintiff Nathan

Smith and the PUBLIC at large will deceived into purchasing the GIA defendants and co

defendants products and services based on the false advertising scheme and false pricing scheme

and false o color gemstone grading services and color gemstones grading certificates scheme

that the defendants are currently operating illegally and which is the vehicle used by the

45. defendants to defraud Plaintiff Nathan Smith and the Public. These schemes being ran by the
GIA defendants and co defendants created phantom colored gemstone grading services and

colored gemstone grading certificates that leads to financial damage and harm to the public, the

26

colored gemstone market and to Plaintiff Nathan Smith. The defendants are flooding the

colored gemstone market with bogus colored gemstone grading certificates and also providing

fictitious gemstone grading services to the public which are all causing harm and damage to

public By misleading the colored gemstones with the bogus certificates thereby leading to

financial damage to consumers and Plaintiff and the devaluation of their colored gemstones.

Pursuant to the UCL Plaintiff Nathan Smith  is entitled to preliminary and permanent injunctive

relief and order The GIA defendant and co defendants  to cease this unfair competition as well as

disgorgement and restitution to Plaintiff Nathan Smith and the general public of all the GIA

defendant and co defendants revenues associated with their unfair competition or such portion of

the revenue as the Court may find equitable.

SECOND  CAUSE OF  ACTION
Violation of California False Advertisement Law (FAL)
California Business and Profession Code 17500 et seq

46. Plaintiff Nathan Smith repeats and re-alleges the allegations contained in every preceding

paragraphs as if fully set forth herein.

California Business and Profession Code 17500

It is unlawful for any corporation with intent to dispose  of personal property

to induce the public to enter into any obligation relating  thereto to make  or disseminate

or cause to be made or disseminated from this state before the Public in any state , in any

newspaper or other publication.  or any other advertising devise.  or by public outcry

or proclamation or in any other manner or means whatever including over the internet

any statement which is misleading or untrue and which is known  or which by the exercise of

reasonable care should be known to be true or misleading.

27

47. The  intent required by Section 17500 is the intent to dispose of property and not the intend
to
mislead the public in the disposition  of such property.

The GIA defendant and co defendants  advertising of prices and services  that did not exist  was a

unfair , untrue misleading practice. This deceptive marketing practice gave Plaintiff Nathan

Smith and consumers the false  impression   that the GIA defendants were capable of providing

colored gemstone grading services  and color gemstone grading certificates. Therefore leading to

the impression that the GIA defendants  and the co defendants  could provide these services and

certificates even though they never existed at the GIA defendants  and co defendants place of

business and the defendants could not offer or sale these services that they were illegally

advertising and selling to Plaintiff Nathan Smith  the unsuspecting Public.

GIA defendants and the co defendants  misled Plaintiff Nathan Smith and the public by making

untrue and misleading statements and failing to disclose what is required as stated in the Code

alleged above.

48. As direct and proximate result of the GIA defendant  and co defendant actions and misleading
and false statements and advertisements. Plaintiff Nathan Smith  and the Public have suffered

injury  in fact  and have lost money and value in their assets because of the defendants illegal

conduct. As such Plaintiff Nathan Smith  respectfully ask  that this Court order the GIA

defendants and co defendants  to restore this money to Plaintiff and the public and Plaintiff

Nathan Smith respectfully ask that the Court enjoin the GIA defendants  and co defendants from

continuing these unfair business practices in violation of (UCL) in the future. Otherwise Plaintiff

Nathan Smith and the public at large will suffer or will be irreparably harmed and or denied an

effective  and complete remedy.

28

THIRD CAUSE OF ACTIONS<br>
Violation of California 's Consumer Legal Remedies Act (CLRA)<br>
California Civil Code 1750 et seq

49 .Plaintiff Nathan Smith  repeats and re alleges the allegations contained in every preceding

paragraphs. as is fully set forth herein.

This cause of action is bought pursuant to California Civil Code  1750  et seq ( CLRA )

Plaintiff Nathan Smith is a consumer  as defined by California Civil Code 1761(d) The GIA

defendant and co defendants sale of  services  and certificates at its GIA lab location located in

Carlsbad California  to Plaintiff Nathan Smith and the general public were" transactions"  within

the meaning  of California Civil Code 1761(e) The products purchased by Plaintiff Nathan Smith
are "goods" within the meaning of California Civil Code 1761 (a)

50. Defendant GIA  and the co defendants  violated and continues to violate the CLRA  by

engaging in the following practices proscribed by California Civil Code 1770(a) in transaction

with Plaintiff Nathan Smith which were intended to result and did result in the sale of  the online

services and merchandise and certificates.

 a. Advertising goods or services with intent not to sell them as advertised

 b. Pursuant to 1782(A) CLRA Plaintiff Nathan Smith contacted the GIA defendants and

co defendants in writing  and by phone  regarding their particular violations  of 1770

of the CLRA and demanded thar the defendants rectify the problems associated with the actions

detailed above and give notice to all affected consumers of the defendants GIA and co defendants
intent to act.

29

PRAYER FOR RELIEF

51. Plaintiff  Nathan Smith is pursuing claims for punitive damages, actual damages  and

statutory    damages against the GIA defendants and co defendants  and Plaintiff is also seeking

injunctive   relief against the GIA defendants and the co defendants.

Wherefore  Plaintiff Nathan Smith  respectfully request  that  this Court award relief against

the GIA defendant  and defendants Susan Jacques Nathan Renfro  Tom Moses  and  Jennifer

Wilson  and the un named co defendants

a. awarding Plaintiff Nathan Smith damages against the GIA defendant  and co defendants

b. awarding restitution and disgorgement of all profits and unjust enrichment that the GIA

defendant  and co defendants obtained from Plaintiff as a result of their unlawful unfair and

fraudulent business practices described herein.

c. awarding declaratory and injunctive relief as permitted by law or equity including enjoining

the GIA defendant  and co defendants  from continuing the unlawful practices as set forth herein

and directing the GIA defendant  and co defendants to identify with Court supervision victims of

their misconduct and pay them all money  they are required to pay.

d. Order the GIA defendants and co defendants  to engage in a corrective advertising campaign.

e. For such other  further   relief  as the Court may deem necessary or appropriate.

DEMAND FOR JURY TRIAL

Plaintiff Nathan Smith hereby demands a jury trial for  all of the claims so triable.

dated  April   2021                                        PLAINTIFF IN PRO SE
          15                                                        NATHAN SMITH

                                    30