1  Seyfarth Shaw LLP
   F. Scott Page (SBN 108515)
2  spage@seyfarth.com
   Aaron Belzer (SBN 238901)
3  abelzer@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:   (310) 277-7200
5  Facsimile:    (310) 201-5219

6  Attorneys for Defendants
   GEMOLOGICAL INSTITUTE OF AMERICA,
7  INC.; TOM MOSES; NATHAN RENFRO;
   JENNIFER WILSON; AND SUSAN JACQUES
8

9                    UNITED STATES DISTRICT COURT
10                   CENTRAL DISTRICT OF CALIFORNIA
11

12  NATHAN SMITH,                          Case No. LACV21-3242-RGK-KESx
13
                Plaintiff,                 **DEFENDANTS GEMOLOGICAL**
14                                         **INSTITUTE OF AMERICA, INC.,**
          v.                               **TOM MOSES, NATHAN RENFRO,**
15                                         **JENNIFER WILSON, AND SUSAN**
    GIA; TOM MOSES; NATHAN RENFRO;         **JACQUES'S NOTICE OF MOTION**
16  JENNIFER WILSON; SUSAN JACQUES;        **AND MOTION TO DISMISS**
    and DOES 1-50,                         **PLAINTIFF'S FIRST AMENDED**
17                                         **COMPLAINT; MEMORANDUM**
                Defendants.                **OF POINTS AND AUTHORITIES**
18                                         **IN SUPPORT THEREOF**
19                                         [FED. R. CIV. P. 12(B)(1), 12(B)(6),
                                           12(H)(3); L.R. 83-8, CAL. CIV. PROC.
20                                         CODE §§ 391 et seq.]
21                                         Date:       June 28, 2021
                                           Time:       9:00 a.m.
22                                         Crtrm:      850
                                           Judge:      Hon. R. Gary Klausner
23
24                                         Trial Date:None
                                           Date Action Filed:       April 15, 2021
25
26
27
28

**TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 28, 2021 at 9:00 a.m., or as soon thereafter as the parties may be heard by the above-entitled court, Located at 255 East Temple Street, Los Angeles, California, Defendants Gemological Institute of America, Inc. ("GIA"), Tom Moses, Nathan Renfro, Jennifer Wilson, and Susan Jacques (collectively with GIA, "Defendants"), by and through their counsel of record, will and hereby do move this Court for an order dismissing with prejudice the First Amended Complaint ("FAC") and this entire action by Plaintiff Nathan Smith.

Defendants make this Motion under Fed. R. Civ. P. 12(b)(1), 12(b)(6), 12(h)(3) and Local Rule 83-8—Vexatious Litigant—and Cal. Civ. Proc. Code §§ 391 *et seq.* based on Plaintiff's failure to plead sufficiently all essential elements of Plaintiff's claims, including Plaintiff's' failure to plead a colorable claim under Sections 1 and 2 of the Sherman Act in an attempt to manufacture federal subject matter jurisdiction where none exists, and Plaintiff's failure to obtain approval of the Court to file the instant action in violation of the pre-filing order entered against him as a vexatious litigant by the California Superior Court.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying declaration of Aaron Belzer, and upon such other matters as may be presented to the Court at the time of the hearing.

Because Plaintiff is appearing pro se, this case is exempt from the conference counsel under L.R. 7-3.  See L.R. 16-12(c).

DATED: May 26, 2021                     SEYFARTH SHAW LLP


By: /s/ Aaron Belzer
                                        F. Scott Page
                                        Aaron Belzer

                                        Attorneys for Defendants

1
2

# **TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION ........................................................................................1

II.   PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY .....................2

    A.    Relevant Allegations .........................................................................2

    B.    Procedural History.............................................................................3

III.  ARGUMENT ...........................................................................................4

    A.    Plaintiff Fails To State Any Viable Federal Antitrust Claim Vesting
        Jurisdiction In This Court...................................................................4

        1.    Plaintiff Has Not Suffered An Antitrust Injury. ...........................5

        2.    Plaintiff Lacks Antitrust Standing ............................................6

        3.    Plaintiff Does Not Allege Facts Sufficient To Establish The Essential
            Elements of His Federal Antitrust Claims. ................................7

        4.    Plaintiff's Federal Antitrust Claims Are Frivolous and Made Solely
            To Obtain Jurisdiction..........................................................8

    B.    The Court Must Dismiss Plaintiff's State Law Claims..................................9

        1.    Plaintiff's Cartwright Act Claim Fails.....................................10

        2.    Plaintiff's UCL, FAL, and CLRA Claims Fail...........................10

    C.    The Court Should Dismiss Plaintiff's Claims Against Each Individual
        Defendant For Failure to Allege Any Unlawful Conduct On Their Part......12

    D.    The Court Should Dismiss Plaintiff's Lawsuit For Failure to Comply With
        Pre-filing Order Entered Against Him As A Vexatious Litigant.................12

IV.   CONCLUSION.......................................................................................13

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Acri v. Varian Assocs., Inc.*,
    114 F.3d 999 (9th Cir. 1997) ...................................................................9

*Am. Ad Mgmt., Inc. v. Gen. Tel. Co.*,
    190 F.3d 1051 (9th Cir. 1999) .............................................................5, 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................4

*Associated General Contractors of California, Inc. v. California State*
    *Council of Carpenters*,
    459 U.S. 519 (1983).............................................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................4

*Bell v. Hood*,
    327 US 678 (1946)..............................................................................9

*Bhan v. NME Hospitals, Inc.*,
    772 F.2d 1467 (9th Cir. 1985) .............................................................5

*Blue Shield of Virginia v. McCready*,
    457 U.S. 465 (1982)............................................................................6

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*,
    429 U.S. 477 (1977).............................................................................5

*Cargill, Inc. v. Monfort of Colorado, Inc.*,
    479 U.S. 104 (1986)............................................................................6

*Carnegie-Mellon Univ. v. Cohill*,
    484 U.S. 343 (1988)............................................................................9

*City of Pittsburgh v. West Penn Power Co.*,
    147 F.3d 256 (3d Cir. 1998) ................................................................6

*County of Tuolumne v. Sonora Community Hosp.*,
    236 F. 3d 1148 (9th Cir. 2001) ..........................................................10

ii

*Credit Bureau Servs., Inc. v. Experian Info. Sols., Inc.*,
   2013 WL 3337676, at *8 (C.D. Cal. June 28, 2013) ..................................... 7

*Gauvin v. Tombatore*,
   682 F. Supp. 1067 (N.D. Cal. 1988) ........................................................... 12

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.*,
   100 F.Supp.2d 1073 (C.D. Cal. 1999) .......................................................... 6

*Greater Rockford Energy and Technology Corp. v. Shell Oil Co.*,
   998 F.2d 391 (7th Cir. 1993) ...................................................................... 8

*In re Hansen Natural Corp. Securities Litigation*,
   527 F.Supp.2d 1142 (C.D. Cal. 2007) ........................................................ 12

*Int'l Norcent Tech. v. Koninklijke Philips Elecs. N.V.*,
   2007 WL 4976364 (C.D. Cal. Oct. 29, 2007), aff'd, 323 F. App'x 571
   (9th Cir. 2009) ............................................................................................ 8

*Kendall v. Visa U.S.A., Inc.*,
   518 F.3d 1042 (9th Cir. 2008) ................................................................ 4, 7

*Kokkomen v. Guardian Life Ins. Co.*,
   511 U.S. 375 (1974) .................................................................................... 8

*Lacano Investments, LLC v. Balash*,
   765 F.3d 1068 (9th Cir. 2014) .................................................................... 9

*LAI v. USB-Implementers Forum, Inc.*,
   2014 WL 12600969 (C.D. Cal. Nov. 21, 2014) ........................................... 7

*MCI Communications Corp. v. American Telephone & Telegraph Co.*,
   708 F.2d 1081 (7th Cir. 1983) .................................................................... 5

*Safe Air for Everony v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) .................................................................... 9

*Sidibe v. Sutter Health*,
   4 F. Supp. 3d 1160 (N.D. Cal. 2013) .......................................................... 8

*Tanaka v. Univ. of S. Cal.*,
   252 F.3d 1059 (9th Cir. 2001) .................................................................... 7

*Verizon Comm'cns Inc. v. Law Offices of Curtis V. Trinko, LLP*,
   540 U.S. 398 (2004) .................................................................................... 8

iii

*W. Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) ...................................................................... 4

*William O. Gilley Enters., Inc. v. Atl. Richfield Co.*,
  588 F.3d 659 (9th Cir. 2009) ..................................................................... 4

**California Cases**

*Committee on Children's Television v. General Foods Corp.*,
  35 Cal. 3d 197 (1983) ............................................................................... 11

*Consumer Advocates v. Echostar Satellite Corp.*,
  113 Cal. App. 4th 1351 (2003) .................................................................. 11

*Hall v. Time Inc.*
  158 Cal. App. 4th 847 (2008) .................................................................... 10

*Kovacevic v. Avalon at Eagles' Crossing Homeowners Assn.*,
  189 Cal. App. 4th 677 (2010) .................................................................... 13

*Princess Cruise Lines, Ltd. v. Super. Ct.*,
  179 Cal. App. 4th 36 (2009) ...................................................................... 10

*In re Tobacco II Cases*,
  46 Cal. 4th 298 (2009) ............................................................................... 10

**Federal Statutes**

28 U.S.C.
  § 1331 ........................................................................................................... 3
  § 1332(a) ....................................................................................................... 3
  § 1367(c)(3) .................................................................................................. 9

Sherman Act
  § 1 ...................................................................................................... 3, 7, 8
  § 2 .......................................................................................................... 3, 8

Fed. R. Civ. P.
  12(b)(1) ............................................................................................... 2, 8, 9
  12(b)(6) ................................................................................................... 2, 4
  12(h)(3) ........................................................................................................ 2

iv

**California Statutes**

Cal. Bus. & Prof. Code

§ 16700 et seq. ................................................................................. 10
§§ 17200 *et seq.* .............................................................................. 3
§ 17204 .............................................................................................. 11
§§ 17500 et seq. ................................................................................. 3

Cal. Code Civ. Proc.

§ 391 ........................................................................................... 2, 3, 13

Cal. Civ. Code

§§ 1750 et seq. ................................................................................. 3

**Other Authorities**

L.R. 83-8.2 ....................................................................................... 12

L.R. 83.8-4 ....................................................................................... 13

L.R. 83-8 .................................................................................... 2, 12

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This suit has no business being in federal court. A veneer of claimed antitrust violations on top of state tort claims for false advertising cannot justify its adjudication here. Indeed, Plaintiff dedicates the bulk of his sixty-one page FAC to a disjointed, repetitive, conclusory, and speculative narrative of purported wrongful conduct, including purported violations of federal and state antitrust laws, that is completely untethered from the injury for which he seeks relief: his inability to sell for a profit an amethyst he claims GIA should have certified as a "million dollar or more" pink diamond.

Ultimately, no amount of speculation or properly drawn inferences can convert the allegations of his FAC into a plausible claim for violations of federal antitrust laws, let alone plausible claims for violations of California's consumer protection laws.  Stripped of its conclusory rhetoric and baseless inferences, the FAC alleges little more than that Plaintiff submitted what he believed to be a "pink diamond" to the GIA for analysis and grading and that the GIA reported that the gemstone he submitted was an amethyst and not a "pink diamond."

Even putting aside Plaintiffs' failure to allege that he suffered an antitrust injury at the hands of Defendants and that he lacks standing to assert claims for violations of federal or state antitrust laws, Plaintiff also fails properly to plead his price fixing and monopolization claims.  In fact, Plaintiff similarly fails to plead with the requisite particularity Defendants' purported violations of California's consumer protection laws. Despite its volume, nowhere in the FAC does Plaintiff allege facts establishing that any representation made by Defendants about GIA's diamond and colored gemstone services and prices were false, his actual reliance on any purported false representation, or even a causal connection between the alleged falsehoods and his claimed harm.

Plaintiff's motivation for amending his Complaint to allege purported violations of federal antitrust law is clear—this court lacks diversity jurisdiction to entertain Plaintiff's claims for false advertising under state law as alleged initially by Plaintiff, and, as a

1

vexatious litigant, Plaintiff cannot file his complaint in state court without first obtaining state court approval to do so.  Plaintiff's claims for violations of federal antitrust laws are an obvious abuse of the Sherman Act made to manufacture subject matter jurisdiction where none exists.  The Court should not entertain such clear abuses or encourage such vexatious conduct, particularly where, as here, Plaintiff has not properly alleged any valid claim against Defendants.

Accordingly, Defendants' respectfully request, pursuant to Rule 12(b)(1), 12(b)(6) and 12(h)(3), that this Court dismiss this action in its entirety for lack of subject matter jurisdiction, or failure to state a valid claim against Defendants.  Alternatively, Defendants request that this Court exercise its discretion to dismiss this action under Local Rule 83-8 and California Code of Civil Procedure section 391 *et seq.* for Plaintiff's violation of the pre-filing order entered against him by the California Superior Court under California's vexatious litigant statute.

## II.    PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY

### A.    Relevant Allegations

Plaintiff alleges that GIA helped create the diamond grading system known as the 4Cs of diamond quality.  (Dkt. 11, ¶ 1).  Plaintiff further alleges that on its website, GIA advertises its "Natural Colored Diamond" grading services, and offers "colored diamond" reports, that asses "the color grade and clarity plot, [and] identifies natural vs treated color for loose natural colored diamonds 0.15 carats or more." (*Id.* ¶ 13-14).

Plaintiff alleges that, in reliance on GIA's advertising of "colored diamond" grading reports, he submitted "a million dollar or more valued" pink diamond to GIA for verification that it was, in fact, a pink diamond.  (Dkt. 11, ¶ 41).  Plaintiff alleges that in the grading report he received, the GIA identified Plaintiff's "million dollar," "pink diamond" as a "worthless 10 dollar colored gemstone or amethyst instead of diamond." (*Id.*, ¶ 44).  As a result, Plaintiff alleges that the GIA prevented him from selling his diamond at a fair price.  (*Id.*, ¶¶ 46, 48).

Plaintiff alleges that Defendants' advertised "colored diamond" grading services violate California state consumer laws, because on its website GIA advertises that it does not grade sapphire or other colored gemstones, thereby rendering its advertised "colored diamond" grading services false.  (Dkt. 11, ¶¶ 61-74).  Plaintiff further concludes that GIA is engaged in a diamond price-fixing conspiracy and attempt to monopolize the diamond market in violation of Sections 1 and 2 of the Sherman Act and the California Cartwright Act.  (*Id.*, ¶¶ 75-84).

## B.    Procedural History

On November 14, 2002, the Los Angeles Superior Court found Plaintiff to be a vexatious litigant under both Section 391(b)(2) and Section 391(b)(3) of the California Code of Civil Procedure, and entered an order prohibiting Plaintiff from filing any new litigation *in propria persona* in the Courts of California without approval of the presiding judge of the court in which the action is to be filed.  (Dkt. 6-1, ¶¶ 3-4, Exs. B, C).

Despite, or perhaps because of, the fact that Plaintiff remains on the California vexatious litigant list, (Dkt. 6-1, ¶ 5, Ex. D), on April 15, 2021, Plaintiff filed a Complaint in this Court, asserting "causes of action" against Defendants for violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"), California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq. ("FAL"), and California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq. ("CLRA").  (Dkt. 1).  To justify his filing of the Complaint in this Court, Plaintiff invoked federal diversity jurisdiction under 28 U.S.C. § 1332(a).  (Dkt. 1, ¶ 10).

On May 6, 2021, Defendants moved to dismiss Plaintiff's Complaint for lack of federal diversity jurisdiction.  (Dkt. 6).  Plaintiff did not oppose the motion.  Rather, on May 12, 2021, Plaintiff amended his Complaint to assert claims for violations of the federal antitrust laws, and to invoke instead this Court's federal question jurisdiction under 28 U.S.C. § 1331.  (Dkt. 11).[1]

---

[1] While Rule 15(a) permits Plaintiff to amend his complaint once as a matter of course within 21 days after service of a motion under Rule 12(b), this rule does not dictate that

3

## III.   ARGUMENT

### A.   Plaintiff Fails To State Any Viable Federal Antitrust Claim Vesting Jurisdiction In This Court

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions … will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertion[s]' devoid of 'further factual enhancement'" are no better. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ibid.* In antitrust cases, plausibility is evaluated "in light of basic economic principles." *William O. Gilley Enters., Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 662 (9th Cir. 2009). A complaint may not rest on conclusory assertions "cast in the form of factual allegations," *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), nor on "just ultimate facts (such as conspiracy), but evidentiary facts which, if true, will prove" the alleged violation, *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008) (emphasis added).

---

Defendants' pending motion to dismiss automatically is rendered moot. When faced with an amended complaint, the Court may either deny the pending motion as moot or consider the merits of the motion in light of the amended complaint. *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020); *Dalfrey v. Boss Hoss Cycles*, 456 F. App'x 329, 331 n.1 (5th Cir. 2011) (new motion to dismiss not needed where amended complaint fails to cure alleged defects in the previous complaint). Because Plaintiff's amendment does not address Defendants' request in its pending Motion that this Court exercise its discretion under L.R. 83-8 to dismiss Plaintiff's action in its entirety for failure to comply with the pre-filing order entered against him in state court as a vexation litigant, the Court properly may entertain the pending Motion. In fact, in the absence of an order of the Court denying the pending Motion as moot, the Court properly may treat Plaintiff's failure timely to file an opposition to the Motion as his consent to the relief requested therein. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting … of the motion").

1    Plaintiff's claims for violations of federal antitrust laws fail to meet this standard,
2 and are obviously intended solely to manufacture subject matter jurisdiction in this
3 action, and avoid the pre-filing order entered against him as a vexatious litigant by a
4 California state court.  The court should not indulge such abuses, particularly where, as
5 here, Plaintiff's motives so transparent, and its efforts to manufacture subject matter
6 jurisdiction so deficient.

7        **1.    Plaintiff Has Not Suffered An Antitrust Injury.**

8    To assert a claim for relief under the federal antitrust laws, Plaintiff must have
9 suffered "antitrust injury," meaning "injury of the type the antitrust laws were intended to
10 prevent and that flows from that which makes the defendant's acts unlawful." *Brunswick*
11 *Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977).  To satisfy the antitrust
12 injury requirement, Plaintiff must show that his alleged injury was "the type of loss that the
13 claimed violations…would be likely to cause," *Id.* at 489, and that "but for" the alleged
14 violations, his injuries would not have occurred.  *MCI Communications Corp. v. American*
15 *Telephone & Telegraph Co.*, 708 F.2d 1081, 1161 (7th Cir. 1983).  For injury to be legally
16 related to anticompetitive behavior, "the injured party [must] be a participant in the same
17 market as the alleged malefactors."  *Bhan v. NME Hospitals, Inc.*, 772 F.2d 1467, 1470
18 (9th Cir. 1985); *Am. Ad Mgmt., Inc. v. Gen. Tel. Co.*, 190 F.3d 1051, 1054–55 (9th Cir.
19 1999) ("Parties whose injuries, though flowing from that which makes the defendant's
20 conduct unlawful, are experienced in another market do not suffer antitrust injury").

21    Read though this lens, Plaintiff's allegations do not establish that he suffered
22 antitrust injury.  Plaintiff's denied expectation of profits from his sale of a "million
23 dollar" pink diamond that turned out to be an amethyst is not the type of loss that a
24 claimed price-fixing conspiracy or attempt at monopolization would be like to cause;
25 Plaintiff's gemstone would remain an amethyst and not a "pink diamond" regardless of
26 whether Defendants violated antitrust laws.  Moreover, Plaintiff does not allege that GIA
27 participates in the market for buying and selling diamonds—the market in which Plaintiff
28 alleges he suffered his injury.  To the contrary, he alleges that GIA is a standard setting

organization that provides diamond grading services; it does not buy or sell diamonds and therefore does not compete with buyers and sellers.  Because Plaintiff has  not alleged actual antitrust injury,[2] the Court must dismiss Plaintiff's federal antitrust claims.

### 2.    Plaintiff Lacks Antitrust Standing

Even if Plaintiff had plausibly alleged antitrust injury, Congress did not intend to afford a remedy to everyone injured by an antitrust violation simply on a showing of causation.  *Blue Shield of Virginia v. McCready*, 457 U.S. 465, 477 (1982) ("Congress did not intend to allow every person tangentially affected by an antitrust violation to maintain an action to recover threefold damages for the injury to his business or property").  Plaintiff must have "antitrust standing."  Antitrust standing examines the connection between the asserted wrongdoing and the claimed injury to limit the class of potential plaintiffs to those who are in the best position to vindicate the claimed antitrust infraction.  *Cargill, Inc. v. Monfort of Colorado, Inc.*, 479 U.S. 104, 111 n. 6 (1986).  Thus, claims of persons whose injuries are too remote from the antitrust violation or the purposes of the antitrust laws will be precluded.  *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 536 (1983).

As Plaintiff has not alleged actual antitrust injury, he lacks standing to maintain and pursue federal antitrust claims. *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1073, 1076 (C.D. Cal. 1999) ("Antitrust injury is a necessary precondition for antitrust standing").  Even so, Plaintiff's claimed injury is far too remote to vest Plaintiff with antitrust standing.  Indeed, to establish antitrust standing, Plaintiff must not only allege an antitrust injury, but also the claimed injury must be sufficiently direct.  *City of*

---

[2] In fact, if anything, Plaintiff has pleaded himself out of court with still other allegations that foreclose the existence of any injury at all, given that Plaintiff alleges that he himself "is a certified diamond grader," (Dkt. 11, ¶ 43), and does not and cannot plausibly allege that a GIA grading report is necessary for him to sell his gemstone at a profit, or to participate or compete in the market to buy or sell diamonds.  *Spokeo, Inc. v. Robins*, 578 US __, __, 136 S.Ct. 1540, 1547 (2016) (to have Article III standing, plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision).

6

*Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 268 (3d Cir. 1998) (Under federal law, there must be "not a mere causal link, but a direct effect"). To assess the directness of the Plaintiff's injury, the court "look[s] to the chain of causation between [Plaintiff's] injury and the alleged restraint in the market." *Am. Ad Magt,* 190 F.3d at 1058.

Unsurprisingly, Plaintiff alleges no chain of causation between his claimed harm—his inability to sell a gemstone that the GIA did not certify as a "million dollar" pink diamond—and the purported restraint in the market for buying and selling diamonds; no such causal connection exists.  There is no relationship between Defendants' alleged price fixing conspiracy and attempted monopolization, and Plaintiff's inability to sell a "worthless 10 dollar color gemstone or amethyst" as a "million dollar" pink diamond. Certainly, if such causal connection did exist, it is indirect and far too remote and speculative to bestow Plaintiff with standing to pursue federal antitrust claims.

### 3.  Plaintiff Does Not Allege Facts Sufficient To Establish The Essential Elements of His Federal Antitrust Claims.

Plaintiff not only fails to satisfy the basic requirements of antitrust injury and antitrust standing, he also fails to allege facts sufficient to state a valid antitrust claim.  To state a claim for violations of Section 1 of the Sherman Act, for example, Plaintiff must allege not only facts demonstrating the existence of a conspiracy or agreement, but also facts showing that it "unreasonably restrained trade under either a *per se* rule of illegality or a rule of reason analysis." *Tanaka v. Univ. of S. Cal*., 252 F.3d 1059, 1062 (9th Cir. 2001).

Here, Plaintiff's speculative and conclusory allegations that Defendants entered into a diamond price fixing conspiracy or agreement are inadequate to state a claim under Section 1 of the Sherman Act.[3]  Nor do Plaintiff's conclusory allegations demonstrate

---

[3] *See, e.g., Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) (affirming dismissal because complaint "does not answer the basic questions: who, did what, to whom (or with whom), where, and when?"); *LAI v. USB-Implementers Forum, Inc.*, No. CV14-05301-RGK (PJWx), 2014 WL 12600969, at *4 (C.D. Cal. Nov. 21, 2014) (dismissing complaint because conspiracy claim was "nothing more than a legal conclusion"); *Credit Bureau Servs., Inc. v. Experian Info. Sols., Inc.*, No. SACV 12-2146 JGB (MLGx), 2013 WL 3337676, at *8 (C.D. Cal. June 28, 2013) (dismissing complaint that did "not allege

7

that any such claimed conspiracy or agreement "unreasonably restrained trade under either a *per se* rule of illegality or a rule of reason analysis."  *See e.g. Greater Rockford Energy and Technology Corp. v. Shell Oil Co.*, 998 F.2d 391, 396 (7th Cir. 1993) ("the failure of a private, standard-setting body to certify a product is not, by itself, a violation of § 1," and finding no anticompetitive effect under rule of reason because "the certification, although influential, was not required to compete in the market.  [r]eliance by [] buyers on the certification was voluntary").

Plaintiff alleges a claim for monopolization in similarly conclusory fashion.  To assert a claim for attempted monopolization under Section 2 of the Sherman Act, a plaintiff must allege that a defendant (1) possesses monopoly power in a relevant market; (2) has acquired, enhanced, or maintained that power by the use of exclusionary conduct "as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident;" and (3) has caused antitrust injury by its conduct.  *See, e.g., Verizon Comm'cns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004).  Plaintiff has not alleged any facts demonstrating that any of the defendants actually possesses monopoly power in a relevant market, and so his claim fails as a matter of law.  *See, e.g., Sidibe v. Sutter Health*, 4 F. Supp. 3d 1160, 1175 (N.D. Cal. 2013).

### 4.  **Plaintiff's Federal Antitrust Claims Are Frivolous and Made Solely To Obtain Jurisdiction.**

Rule 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction.  Because federal courts are courts of limited jurisdiction; thus, the Court presumes a lack of jurisdiction, until the party seeking to invoke the court's jurisdiction proves that subject matter jurisdiction exists.  *Kokkomen v. Guardian Life*

---

whether there were one or multiple agreements, the form those agreements took, who executed them, or when or where they were enacted"); *Int'l Norcent Tech. v. Koninklijke Philips Elecs. N.V.*, No. CV07-00043 MMM (SSx), 2007 WL 4976364, at *10 (C.D. Cal. Oct. 29, 2007) (dismissing complaint because plaintiff did not allege when, how, or by whom the purported agreement was made, nor did plaintiff identify the parameters of the agreement), aff'd, 323 F. App'x 571 (9th Cir. 2009).

*Ins. Co.*, 511 U.S. 375, 377 (1974).  Where court's jurisdiction is facially challenged on a 12(b)(1) motion to dismiss, the court must grant the motion if the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everony v. Meyer,* 373 F.3d  1035, 1039 (9th Cir. 2004).  In evaluating facial attack, the Court need not accept as true legal conclusions, legal conclusions couched as factual allegations, or inferences unsupported by the facts set out in the complaint. *Lacano Investments, LLC v. Balash*, 765 F.3d 1068, 1071-1072 (9th Cir. 2014).  Indeed, an alleged federal claim does not vest jurisdiction if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or…is wholly insubstantial and frivolous."  *Bell v. Hood*, 327 US 678, 682-683 (1946).

This is not a case in which complete diversity exists, or in which Plaintiff's state law claims implicate significant federal issues.  Consequently, if it exists at all, this Court must predicate its federal question jurisdiction on Plaintiff's federal antitrust claims.  Yet, as set forth above, Plaintiff's federal antitrust claims are clearly unfounded and, under the circumstances, appear to have been made solely to obtain jurisdiction in this Court and avoid the pre-filing order entered against Plaintiff as a vexatious litigant under California law.  Because Plaintiff's antitrust claims do not state a colorable claim that would give rise to federal subject matter jurisdiction, the Court properly may dismiss this action in its entirety under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## B.     The Court Must Dismiss Plaintiff's State Law Claims.

Because Plaintiff's purported federal antitrust claims fail, the Court should exercise its discretion to decline to retain supplemental jurisdiction over Plaintiff's state law claims.  28 U.S.C. § 1367(c)(3) (federal court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed the federal claim); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 fn. 7 (1988); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

Indeed, evidencing his intent to manufacture subject matter jurisdiction through the veneer of federal antitrust claims, Plaintiff does not base any of his state law claims on

Defendants' alleged violations of federal antitrust laws.  Rather, Plaintiff claims that Defendants falsely advertised GIA's diamond and colored gemstone services and prices in violation of California consumer protection laws, none of which arise out of, let alone implicate substantial questions, of federal law.  28 U.S.C. § 1331; *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S, 308, 314 (2005) (federal question jurisdiction requires that plaintiff's right to relief necessarily depend on resolution of a substantial question of federal law).  But even with respect to these claims, Plaintiff has not alleged facts sufficient to maintain them.  Accordingly, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, or dismiss them in their entirety along with his federal antitrust claims.

### 1.   Plaintiff's Cartwright Act Claim Fails.

"The analysis under California's antitrust law mirrors the analysis under federal law because the Cartwright Act, Cal. Bus. & Prof. Code § 16700 et seq., was modeled after the Sherman Act." *County of Tuolumne v. Sonora Community Hosp.*, 236 F. 3d 1148, 1160 (9th Cir. 2001). The failure to establish a violation of federal antitrust laws therefore precludes a claim under the Cartwright Act.  *Id.*  Because Plaintiffs Sherman Act claims fail, so too does his claim under the Cartwright Act.  Accordingly, it should be dismissed.

### 2.   Plaintiff's UCL, FAL, and CLRA Claims Fail.

The Court should also dismiss Plaintiff's UCL, FAL, and CLRA claims because Plaintiff has not plausibly or specifically alleged facts establishing his actual reliance on any false representation made by Defendants, or the requisite causal connection between the alleged falsehoods and his claimed harm—each of which is a prerequisite under the CLRA, FAL, and UCL.  *Princess Cruise Lines, Ltd. v. Super. Ct.*, 179 Cal. App. 4th 36, 46 (2009) (CLRA plaintiff must show actual reliance and causation); *In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009) (in claims based on fraud or misrepresentation under UCL or FAL, plaintiff must plead and prove actual reliance and causation to satisfy requirements for standing); *Hall v. Time Inc.* 158 Cal. App. 4th 847, 855 (2008) ("The phrase 'as a result of' in its plain and ordinary sense means 'caused by' and requires a

showing of a causal connection or reliance on the alleged misrepresentation"); *see also* Cal. Bus. & Prof. Code § 17204 (conferring standing under UCL and FAL only to "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition"); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (Rule 9(b)'s heightened pleading standards apply to claims for violations of the UCL, FAL and CLAR).

Certainly, the purported falsity of GIA's advertised diamond and gemstone grading services is not the cause of Plaintiff claimed harm: his inability to profit from the sale of an amethyst that he believes to be a diamond.[4]  Even so, Plaintiff does not allege that GIA does not provide the diamond and gemstone grading services it advertised.  Quite the opposite, he specifically alleges that because GIA does in fact provides these services, he submitted his "pink diamond" to it for grading and verification.  That GIA identified the gemstone Plaintiff submitted as an amethyst does not render false or misleading its representations about the services it offers or their pricing, let alone establish that GIA's representations are likely to deceive members of the relevant public.  *Committee on Children's Television v. General Foods Corp.*, 35 Cal. 3d 197, 211 (1983) (advertising is false or misleading for purposes of UCL and FAL if "members of the public are likely to be deceived"); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003) (standards for determining whether a representation is misleading under FAL and UCL apply equally to claims under the CLRA).

_____

[4] If, as Plaintiff believes, he is in possession of a million dollar, pink diamond, GIA's identification of the stone as an amethyst cannot and does not prevent Plaintiff from profiting from its sale; GIA's advertised diamond and colored gemstone grading services do not transform an amethyst into a diamond or vice versa.  Moreover, Plaintiff alleges that he is a "certified diamond grader and miner and gemologist and crystallographer and mineralogist [who] had previously already verified that the colored gemstone was in fact a pink diamond."  (Dkt. 11, ¶ 43).  That GIA did not certify his gemstone as a "million dollar, "pink diamond," therefore, would not have prevented Plaintiff from certifying and grading the gemstone himself, or from selling it for a profit.

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## C.   The Court Should Dismiss Plaintiff's Claims Against Each Individual Defendant For Failure to Allege Any Unlawful Conduct On Their Part.

For all of the reasons discussed above, the Court should dismiss Plaintiff's FAC with prejudice as to all Defendants. In any event, and at a minimum, the Court should dismiss all claims against each individual defendant—Tom Moses, Nathan Renfro, Jennifer Wilson, and Susan Jacques.  Plaintiff alleges no specific or plausible facts— including any facts with the requisite particularity—establishing what any particular person did or did not do, and from which this Court could reasonably infer that any individual defendant engaged in any unlawful conduct.  Certainly, Plaintiff does not allege that any individual defendant engaged in conduct that violates federal or state antitrust laws.  Nor does he allege with the requisite particularity any facts establishing what any particular person purportedly said or wrote, when it was said or written, to whom they spoke or wrote, or their authority to speak. *See e.g., Gauvin v. Tombatore*, 682 F. Supp. 1067 (N.D. Cal. 1988)( requiring plaintiff to allege basis of his claim as to each individual defendant in order to satisfy notice pleading standards); *In re Hansen Natural Corp. Securities Litigation*, 527 F.Supp.2d 1142 (C.D. Cal. 2007)( requiring specific facts to be pled as to each individual defendant concerning alleged misstatements allegedly relied upon by the plaintiff).

## D.   The Court Should Dismiss Plaintiff's Lawsuit For Failure to Comply With Pre-filing Order Entered Against Him As A Vexatious Litigant.

Under Local Rule 83-8, "[i]t is the policy of the Court to discourage vexatious litigation and provide persons who are subjected to vexatious litigation with security against the costs of defending against such litigation and appropriate orders to control such litigation."  Under this policy, the Court, on its own motion or on motion of a party, may make such orders as are appropriate to control the conduct of a vexatious litigant," including directing the Clerk not to accept filing from the litigant without written authorization from a judge of the Court or a Magistrate Judge.  L.R. 83-8.2.  Notably, "the Court, may, at its discretion, proceed by reference to the Vexatious Litigants statute of the State of California, Cal. Code Civ. Proc. §§ 391 - 391.8."  L.R. 83-8-4.

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

To that end, California's Vexatious Litigants statute grants the Court the ministerial power to automatically dismiss claims brought by a vexatious litigant subject to a pre-filing order prohibiting the filing of new litigation without Court approval. *See Kovacevic v. Avalon at Eagles' Crossing Homeowners Assn.*, 189 Cal. App. 4th 677, 684 (2010). Accordingly, Defendants request that this Court exercise its discretion to dismiss this action pursuant to California Code of Civil Procedure section 391.

## IV.     CONCLUSION

For the foregoing reasons, the Court should dismiss the FAC with prejudice.

DATED: May 26, 2021                          SEYFARTH SHAW LLP


By:  /s/ Aaron Belzer
F. Scott Page
Aaron Belzer

Attorneys for Defendants
GEMOLOGICAL INSTITUTE OF
AMERICA, INC.; TOM MOSES;
NATHAN RENFRO; JENNIFER
WILSON; AND SUSAN JACQUES

71080478v.1

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | STATE OF CALIFORNIA $\qquad$ ) |
| 3 | COUNTY OF LOS ANGELES $\qquad$ ) SS |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On May 26, 2021, I served the within document(s):

DEFENDANTS GEMOLOGICAL INSTITUTE OF AMERICA, INC., TOM MOSES, NATHAN RENFRO, JENNIFER WILSON, AND SUSAN JACQUES'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Nathan Smith
11040 Otsego Street
North Hollywood, CA 91601

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 26, 2021, at Los Angeles, California.

_____
Lora Calma

_____
PROOF OF SERVICE / CASE NO.: 2:21-CV-03242-RGK-KES

70405066v.1