FILED

2021 JUL -6  AM 11: 40

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____ RMH

1  NATHAN SMITH
   PLAINTIFF IN PRO SE
2  11040 OTSEGO ST
   NORTH HOLLYWOOD CA 91601
3  METEOR@INORBIT.COM

4

5              IN THE UNITED DISTRICT COURT FOR
               THE CENTRAL DISTRICT OF CALIFORNIA
6

7                                    CASE #LACV21-3242-RGK-KES
   NATHAN SMITH
8        plaintiff            PLAINTIFF NATHAN SMITH NOTICE OF AND
                              PLAINTIFF'S EMERGENCY MOTION FOR
9      V                      TEMPORARY RESTRAINING  ORDER AND
                              PRELIMINARY INJUNCTION AND MOTION FOR
   GIA DEFENDANTS ET AL       ORDER REQUIRING GIA DEFENDANTS AND CO
10                            TO ANSWER PURSUANT TO FRCP 12(a)4

11        defendants

12

13   Plaintiff Nathan Smith pursuant to California Unfair

14 Competition Laws(UCL) Code Section 17200et seq. Advertisement Laws (FAL) California Business and

15 Profession Code section 17200 and Rule 65 of the Federal Rules of Civil Procedure moves the Court

16 for entry of a Temporary Restraining Order and Preliminary Injunction enjoining the GIA defendants and

17 co-defendants and all persons acting on its behalf from issuing or selling color gemstone and colored diamond

18 grading certificates and from grading colored gemstones and colored diamonds in the American

19 Diamond Market pending entry by the Court of a Final judgment in this action. Plaintiff Nathan Smith also

20 files a motion seeking an order from the Court requiring the Gia defendants and co-defendants answers pursuant to

21 FRCP 12(a)4.

22

23 On May 10,2021 Plaintiff filed a complaint alleging that the Gia defendants and co-defendants

24 illegal grading of colored diamonds and colored gemstones violated the

25 California Unfair Competition Laws(UCL) and Advertisement Laws (FAL) and other violations.

26                              1

27

28

TO THE GIA DEFENDANTS AND CO DEFENDANTS AND THEIR ATTORNEY OF RECORD

PLEASE TAKE NOTICE that on August 9, 2021 at 9:00 a.m. or as soon thereafter as the parties may be heard by the above entitled Court located at 255 East Temple Street Los Angeles California Plaintiff Nathan Smith will move the Court for an injunction against the GIA defendants and co defendants for violations of California 's Unfair Competition laws and California Business and Professions Code Section 17200 et seq and for violation False Advertisement Laws California Business and Profession Code 17500 et seq and Plaintiff Nathan Smith will also be seeking an order requiring the GIA defendants and co defendants to answer Plaintiff's First Amended Complaint pursuant to FRCP12(A)4

The Motion for a Preliminary injunction and Plaintiff's Motion for an order requiring the defendants to answer Plaintiff's First Amended Complaint is based on this notice of Motions the accompanying Memorandum of Points and Authorities , the declaration of Nathan Smith and upon such other matters that the Court deems fit.

7- 6 -21

PLAINTIFF IN PRO SE

NATHAN SMITH



**ARGUMENT**

1

This Court has the Authority to issue an injunction Under Business and Professions Code Sections

2  17203 and 17535

3  Business and Professions Code section 17203 specifically empowers the Court to issue orders

4  as may be necessary to prevent the use or employment by any person of any practice which

5  constitutes unfair competition. Once the trial Court invokes its equitable jurisdiction it is within

6  the Court's broad discretion to determine the scope and type of relief that should be granted. Such relief

7  may be as varied and diversified as the ,means that have been employed by the Defendant to produce

8  the grievance complained of.

9  Plaintiff Nathan Smith hereby seeks a preliminary injunction prohibiting the Gia defendants and their co

10  defendants from continuing to advertise colored gemstone and color diamonds grading services and from

11  continuing to advertise that the GIA certificates and letter grades create the value of the colored gemstone,

12  colored diamonds gemstones and diamond gemstones and gemstones graded by the defendants

13  Plaintiff Nathan Smith also seeks a preliminary injunction prohibiting the Gia defendants and co-defendants

14  from selling or distributing colored gemstones or colored diamond grading certificates and reports.

15  Plaintiff hereby ask this Court to take judicial notice Exhibits A, B, C, D copies of the advertisement attained from the
   E, F
   Gia defendants and

16  co defendants website which clearly shows that the defendants are advertising at this current date and

17  time that the defendants grading certificates and grades create the value of a gemstone or

18  colored gemstone, colored diamond and diamond gemstones and also that the defendants do not offer Colored

19  gemstone grading services. The advertisement specifically

20  states that " Why doesn't the GIA issue grading reports for colored stones ? The GIA then advertises

21  that " There is currently no broadly accepted grading system for colored stones . The grading of

22  colored stones is highly complex process with countless variables that makes a universal grading system

23  difficult to establish. Also located on the GIA defendants and co-defendants websites and also

24  publicly advertised by the defendants. " Does the GIA grade sapphire or other colored stones? The GIA

25  defendants in response to this question advertised and are currently advertising on their websites and to

26  Plaintiff and the Public that " the GIA doesn't grade or provide quality analysis for sapphire or other

27  colored gemstones"

2

28

LEGAL STANDARD

A preliminary injunction is a matter of equitable discretion and is an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief Winter v Nat Res Def Council Inc 555 U.S. 7 22 (2008) A Plaintiff seeking preliminary injunctive relief that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor and that the injunction is in the public interest. Id at 20 Alternatively an injunction may issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in Plaintiff's favor provided that the Plaintiffs can also demonstrate the other two Winter factors. All for the Wild Rockies v Cottrell 632 F 3d 1127 1131-32 (9th Cir 2011)

Courts must balance factors when considering a motion for preliminary injunction.
(1) whether a movant has a strong likelihood of success on the merits. (2) whether movant will suffer irreparable injury without the injunction (3) whether the issue of the injunction would cause substantial harm to others and (4) whether the public interest will be served by issuance of the injunction City of Pontiac Retired Emps Ass n v Schimmel 751 f3d 427 (6th Cir 2014) The standard for a permanent injunction is identical except that the movant must show actual success on the merits instead of a likelihood of success on the merits. Amoco Prod Co v Vill of Gambell 480 U.S. 531 546 n 12 (1987)

The GIA defendants and Co-defendants have flooded the colored gemstone and colored diamond markets with their bogus certificate, reports and services even though the defendants lack the expertise to grade colored gemstones or colored diamonds and the defendants knew full and well based on their own admissions and advertisements that their was no universal standard for grading colored gemstones and colored diamonds and that the defendants lacked the universal standards and expertise to grade colored diamonds and colored gemstones and issue grading certificates and reports and provide colored gemstone and colored diamond grading services

3

1   Plaintiff Nathan Smith and the Public have suffered injury in fact and have lost money and value

2   in their assets because of the defendants illegal conduct.   Based on the Gia defendants and co-defendants

3   own publications, admissions and advertisements the D-Z grading and the 4cs of diamonds was created

4   and is being used by the defendants to place a value and set the value of colored diamonds, gemstones

5   and diamonds and colored gemstones in the gemstone market place. This is why the retailers and

6   jewelers are using the D-Z grading and 4cs of diamonds grading techniques because it allows the

7   GIA defendants to price fix and set the value of gemstones in the marketplace. ( see Exhibit  F)  Plaintiff

8   and the public and consumers are suffering and will continue to suffer irreparable harm because of

9   these unfair business practices of the GIA defendants and co defendants who are illegally engaging

10  in price fixing, valuating, maintain, over grading, under grading, and mislabeling of gemstones being sent

11  to the defendants for grading and gemstones in the marketplace by using the defendants 4cs of diamond

12  grading and D-Z grading technique which was created for the sole purpose of price fixing and valuing gemstones

13  in the colored  diamond gemstone market and colored gemstone market and gemstone market. Unless

14  the GIA defendants and co defendants are enjoined from these unfair business practices the defendants will

15  continue to flood the gemstone market with their bogus grading reports and certificates causing irreparable

16  harm to Plaintiff at the present moment and into the future.

17  . Plaintiff Nathan Smith is facing actual and

18  imminent threat of future injury. Plaintiff will not be able to relied on the GIA defendants certificates and

19  services  and products advertising or labeling in the future and so Plaintiff will not purchase the product

20  even though Plaintiff would like to and Plaintiff needs the defendants certificates to compete and buy and

21  sell in the colored gemstone and colored diamond markets. Plaintiff Nathan Smith might also purchase

22  the GIA defendants and co-defendants services , certificates and products in the future despite the fact

23  they were once marred by false advertising or labeling . as Plaintiff may reasonably but incorrectly

24  assume the product was improved. Plaintiff wish to purchase the GIA defendants and co-defendants

25  certificates, services and products in the future but Plaintiff could not relied on the defendants advertisement

26  that they could also provide colored gemstone grading services and certificates and colored diamond grading

27  and certificates representations and that the certificates create the value of the gemstone or colored diamond

28  gemstones with any confidence thus Plaintiff is most likely to suffer future injury.

4

Plaintiff Nathan Smith will be irreparably harmed without an injunction

The GIA defendants and Co-defendants have flooded the colored gemstone and colored diamond markets with their bogus certificates and services even though the defendants lack the expertise to grade colored gemstones or colored diamonds and the defendants knew full and well based on their own admissions and advertisements that their was no universal standard for grading colored gemstones and colored diamonds but most importantly the defendants had advertised and are currently advertising to Plaintiff and the Public that the defendants do not have the capabilities to provide colored gemstone or colored diamond grading services. Plaintiff Nathan Smith is facing actual and imminent threat of future injury. Plaintiff will not be able to relied on the GIA defendants certificates and services and products advertising or labeling in the future and so Plaintiff will not purchase the product even though Plaintiff would like to and Plaintiff needs the defendants certificates to compete and buy and sell in the colored gemstone and colored diamond markets. Plaintiff Nathan Smith might also purchase the GIA defendants and co-defendants services , certificates and products in the future despite the fact they were once marred by false advertising or labeling . as Plaintiff may reasonably but incorrectly assume the product was improved. Plaintiff wish to purchase the GIA defendants and co-defendants certificates, services and products in the future but Plaintiff could not relied on the defendants advertisement that they could also provide colored gemstone grading services and certificates and colored diamond grading and certificates representations and that the certificates create the value of the gemstone or colored diamond gemstones with any confidence thus Plaintiff is most likely to suffer future injury.

Plaintiff needs the defendants certificates to compete and buy and sell in the colored gemstone and colored diamond markets. Plaintiff Nathan Smith might also purchase the GIA defendants and co-defendants services , certificates and products in the future despite the fact they were once marred by false advertising or labeling .

5

The GIA defendants and co-defendants are also causing irreparable harm to the public and plaintiff Nathan Smith because the defendants bogus grading reports and certificates are manipulating and price fixing colored diamonds and colored gemstones ,gemstones and diamonds in the diamond and gemstones markets. This is causing Plaintiff and consumers to pay more for colored diamonds, diamonds, and colored gemstones in the colored diamonds, diamonds and colored gemstone markets. Plaintiff who a dealer in colored diamonds and gemstones and

diamonds and also a direct purchaser of diamonds is being shut out of the diamond market because of the defendants illegal conduct. Plaintiff Nathan Smith is unable to buy or sell colored diamonds or colored gemstones or diamonds in a fair market place because the defendants bogus reports and certificates and grading services in which the GIA defendants and co-defendants falsely claim and advertise that their certificates and reports create the value of the colored diamond or colored gemstone which in fact is very false . Plaintiff and the public who have submitted colored diamonds and colored gemstones to the defendants have had their colored diamonds and colored gemstones wrongly mislabeled and wrongly valued and graded by the GIA defendants and the co-defendants because according to the GIA defendants and co-defendants own advertisements and admissions and publications the defendants lack the universal accepted standards and expertise to offer colored diamonds and colored gemstone grading services. The defendants illegal advertising and offering of these bogus and non existent services have caused Plaintiff and the public irreparable harm and will continue to cause the public and Plaintiff irreparable harm. Plaintiff and the public by relying on the defendants false advertisements was tricked and duped into purchasing the defendants bogus services, reports and certificates which resulted in the mislabeling of Plaintiff's colored diamond by the defendants and this caused Plaintiff Nathan Smith irreparable harm and will cause Plaintiff irreparable harm in the future.

The defendants do not have the capabilities and lack the universal standards or expertise to provide colored gemstone or colored diamond grading services reports or certificates

. Plaintiff Nathan Smith is facing actual and imminent threat of future injury. Plaintiff will not be able to relied on the GIA defendants certificates reports and services and products advertising or labeling in the future and so Plaintiff will not purchase the product even though Plaintiff would like to .

6

1   Enjoining the GIA defendants and co defendants from false advertising, issuing and offering colored diamonds

2   and colored gemstone grading reports , certificates and services will not harm others and protect the public

    interest

3   Enjoining the GIA defendants and co-defendants false advertisements and conduct and illegal grading services

4   and illegal and bogus colored diamond and colored gemstone certificates and reports will not harm anyone

5   in fact it will do the quite opposite. It will prevent the public and Plaintiff from continuing suffering and

6   irreparable harm by preventing the defendants from continuing to flood the colored diamond market with

7   their bogus grading reports and certificates and by preventing the GIA defendants and co-defendants from

8   offering and falsely advertising bogus colored diamond and colored gemstone grading services that based

9   on the defendants own admissions , publications and advertisements the defendants lack the expertise to offer these

10  services to Plaintiff and the public and their is no universal accepted standard that would enable or allow the

11  Gia defendants and co-defendants to offer colored diamond and colored gemstone grading services , reports and

12  certificates. Therefore for enjoining the GIA defendants and co-defendants would not harm the public but is actually

13  in the public interest and the injunction will protect the public and Plaintiff from the defendants bogus colored diamond

14  and colored gemstones grading services and fraudulent reports and certificates that the defendants are illegally

15  and falsely advertising on their website and to the public and Plaintiff at large. The injunction will also prevent

16  the defendants from using their bogus reports ,certificates and services to set the value of colored diamonds and

17  colored gemstones in the market place without causing harm to the public. The injunction will also prevent the

18  GIA defendants and co defendants from continuing to falsely advertise their bogus grading services

19  to the public and Plaintiff and this also causes no harm to the public at large. The injunction will prevent the

20  GIA defendants and co-defendants from manipulating and price fixing the colored diamond markets and colored

21  gemstone and diamond market and this will not cause harm to the public. The injunction will prevent the

22  GIA defendants and co-defendants from manipulating the diamond market which causes the public and

23  plaintiff to pay more for diamonds in the diamond market and disrupts a free and open and fair market place.

24  this will not cause harm to the public.   The issuance of the injunction against the GIA defendants and their co-defendants

25  will not harm the public and the issuance of the injunction against the Gia defendants and

26  co defendants will certainly promote the public's interest.

27                                          7

28

Plaintiff Nathan Smith also hereby move for an order from the Court requiring the GIA defendants ansd

co-defendants to answer Plaintiff's First Amended Complaint. Pursuant to FRCP 12(a)4 the GIA defendants

and co-defendants answer was due 14 days from the date the defendants receive notice of the

Court's denial of the defendants Motion to Dismiss. This Court issued an order on May 31 , 2021

denying the defendants Motion to Dismiss  (document 6). FCRP 12(A)4 does  not state that the Court 's

denial of a Motion to Dismiss is limited to a certain type of denial only that the motion to dismiss is

denied by the Court. The denial by the Court of the GIA defendants and co-defendants motion to dismiss

on May 31, 2021 would have automatically trigger a required responsive pleading from the defendants.

The GIA defendants filed a second motion to dismiss instead of an answer. A motion to dismiss is not

a responsive pleadings and it does not satisfy the requirements of FRCP 12(a)4 which requires a

defendant to file a responsive pleading with  14 days after notice of the Court's action.

FRCP 12 (A)4 states that if the Court denies the motion or postpones its disposition until trial,

the responsive pleadings must be served within 14 days after notice of the Court's action.

This Court denied the GIA defendants motion to dismiss ( doc 6) as moot  on May 31 2021 .

Regardless of the fact that the Court 's denial was based on the grounds of moolness.  It constituted

as  a denial of the defendants motion to dismiss by this Court. Therefore the GIA defendants answer was

due back on June 14 2021 it is now July 5 2021 and Plaintiff has still not received the defendants answer.

Plaintiff Nathan Smith has been more then generous by not seeking the Court's power sooner and

Plaintiff Nathan Smith did not seek more drastic measures such as a default judgement against the

GIA defendants and co-defendants . Plaintiff only seeks for the Court to require the GIA defendants and

co-defendants to comply with FRCP  12(A)4 and file their answer to Plaintiff's first Amended Complaint.

Plaintiff attempted to confer with the defendants counsel but it was to no avail. The defendants counsel

is under the impression that he must follow FRCP12(A)4 but yet the defendants refuse to file their answer

as we required by FRCP12(a)4. Plaintiff Nathan Smith respectfully ask that this Court issue an order requiring

the GIA defendants and co defendants to file their responsive pleading pursuant to FRCP 12(A)4 within 10 days

from the order from the Court.

8

The GIA defendants and Co-defendants have flooded the colored gemstone and colored diamond markets with their bogus certificate, reports and services even though the defendants lack the expertise to grade colored gemstones or colored diamonds and the defendants knew full and well based on their own admissions and advertisements that their was no universal standard for grading colored gemstones and colored diamonds and that the defendants lacked the universal standards and expertise to grade colored diamonds and colored gemstones and issue grading certificates and reports and provide colored gemstone and colored diamond grading services

 but most importantly the defendants had advertised and are currently advertising to Plaintiff and the Public that the defendants do not have the capabilities to provide colored gemstone or colored diamond grading services. Plaintiff Nathan Smith is facing actual and imminent threat of future injury. Plaintiff will not be able to relied on the GIA defendants certificates and services and products advertising or labeling in the future and so Plaintiff will not purchase the product even though Plaintiff would like to and Plaintiff needs the defendants certificates to compete and buy and sell in the colored gemstone and colored diamond markets. Plaintiff Nathan Smith might also purchase the GIA defendants and co-defendants services , certificates and products in the future despite the fact they were once marred by false advertising or labeling . as Plaintiff may reasonably but incorrectly assume the product was improved. Plaintiff wish to purchase the GIA defendants and co-defendants certificates, services and products in the future but Plaintiff could not relied on the defendants advertisement that they could also provide colored gemstone grading services and certificates and colored diamond grading and certificates representations and that the certificates create the value of the gemstone or colored diamond gemstones with any confidence thus Plaintiff is most likely to suffer future injury. The GIA defendants and co defendants D-Z grading and 4cs of diamond technique also enables the defendants to price fix and valuate gemstones and colored diamonds gemstones in the diamond marketplace without Plaintiff or the public being aware of the defendants illegal and unfair business practice. This practice by the defendants has caused and will cause irreparable to place in the present and in the future and if not enjoined the defendants will continue to use the D-Z grading and 4cs of diamonds grading technique to price fix and value diamonds in the diamond market place.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

7- 19 -21                NATHAN SMITH
                         PLAINTIFF IN PRO SE

 9 

The GIA defendants and co-defendants violate California's False Advertising Law by Using False Promises and Misrepresentations to Lure Plaintiff and the public and California consumers into their Scam and Schemes.

The False Advertising Law makes it unlawful for any person to make any statement that such person knows or by exercise of reasonable care should know to be untrue or misleading in order to sell goods or services. Under the FAL a statement is untrue or misleading if the statement is likely to mislead members of the public. To prove a FAL violation. Plaintiff Nathan Smith does not have to prove fraud, reliance . or intent to deceive or actual deception . California Courts have repeatedly held that a violation occurs at the time that a consumer or Plaintiff is solicited, regardless of whether the consumer purchases the goods or services offered. A representation susceptible to both a misleading and non- misleading interpretation will be construed against the person making it.

The Declaration submitted by plaintiff in support of this motion establish that the GIA defendants and co-defendants made and are currently making untrue and misleading statements regarding their colored diamonds, diamonds, colored gemstones and gemstones grading, reports, certificates and services. Through false promises and misrepresentations , The Gia defendants and co-defendants mislead Plaintiff, the public and California consumers into believing that the defendants had the expertise and universal accepted standards to grade colored diamonds and colored gemstones and to issue correct reports, certificates and services that were rendered by experts in the field of gemology and science, mineralogy, spectroscopy and other scientific fields needed to properly grade and determine the makeup of the gemstone. The defendants also mislead Plaintiff and the public by claiming that they could grade colored diamonds and colored gemstones even though the defendants lack the expertise and universal standard to grade colored diamonds gemstones or colored gemstones or any colored gemstones. The GIA defendants and co-defendants also mislead Plaintiff and the public when the defendants falsely advertised and represented that their grading of the Plaintiff's colored diamond created the value of the gemstone and that the defendants grading of a gemstone created the value of the gemstone. None of the GIA defendants and co-defendants advertised and represented statements are true because the GIA defendants lack the capabilities and expertise and universal standard to grade colored gemstones based on their own admissions and advertisement.

1

The GIA defendants and co-defendants misleading and false advertisement and claim that they could provide colored gemstone grading or gemstone grading services with the 4cs and D-Z grading process was completely false because the 4cs of diamonds and the D-Z grading techniques involved three graders to determine the grade of a gemstone so their is no way that one individual could grade a gemstone using the 4cs of diamond or the D-Z grading techniques. The 4cs of diamonds and the D-Z grading yardstick technique also could not be used to grade colored diamond gemstones or colored gemstones because both of the techniques involve the absence or lack of color in a gemstone therefore they could not possibly be used effectively to grade any colored gemstone because the grading of colored gemstones involves the presence not the absence of color so the Statements and Advertisements made by the GIA defendants and co-defendants that their 4cs of diamonds and D-Z grading yardstick could be used to grade colored gemstones was completely false and misleading. Plaintiff Nathan Smith, the public and the California and American consumers were all mislead by the GIA defendants misleading statements and false advertisements concerning the defendants bogus grading services, reports and certificates.

THE GIA DEFENDANTS AND CO-DEFENDANTS HAVE ENGAGED IN UNAWFUL BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200

Business and Professions Code section 17200 et seq defines unfair competition as any unlawful, unfair or fraudulent business practice. In drafting the UCL the legislature intentionally used sweeping language and empowered the Courts to issue injunctions to curb any such business practices in whatever context such activity occur. The GIA defendants business acts and practices, constitute unfair competition because they are unlawful. The UCL borrows violations of other laws and makes then actionable as unlawful business practices. An unlawful business act or practice includes any activities forbidden by law. be it civil, criminal, federal, state or municipal, statutory or regulatory or court made. As described throughout these pleadings the defendants business practices violate various provisions of California 's Business and Professions Code and are unlawful.

11

The GIA defendants and Co-defendants have flooded the colored gemstone and colored diamond markets with their bogus certificates and services even though the defendants lack the expertise to grade colored gemstones or colored diamonds and the defendants knew full and well based on their own admissions and advertisements that their was no universal standard for grading colored gemstones and colored diamonds but most importantly the defendants had advertised and are currently advertising to Plaintiff and the Public that the defendants do not have the capabilities to provide colored gemstone or colored diamond grading services. Plaintiff Nathan Smith is facing actual and imminent threat of future injury. Plaintiff will not be able to relied on the GIA defendants certificates and services and products advertising or labeling in the future and so Plaintiff will not purchase the product even though Plaintiff would like to and Plaintiff needs the defendants certificates to compete and buy and sell in the colored gemstone and colored diamond markets. Plaintiff Nathan Smith might also purchase the GIA defendants and co-defendants services , certificates and products in the future despite the fact they were once marred by false advertising or labeling . as Plaintiff may reasonably but incorrectly assume the product was improved. Plaintiff wish to purchase the GIA defendants and co-defendants certificates, services and products in the future but Plaintiff could not relied on the defendants advertisement that they could also provide colored gemstone grading services and certificates and colored diamond grading and certificates representations and that the certificates create the value of the gemstone or colored diamond gemstones with any confidence thus Plaintiff is most likely to suffer future injury.

Plaintiff Nathan Smith respectfully ask that the Court enjoin the GIA defendants and co-defendants from continuing these unfair business practices in violation of UCL in the future. Otherwise Plaintiff Nathan Smith and the Public at large will suffer or will be irreparably harmed and denied an effective and complete remedy.

12

Plaintiff Nathan Smith

who is a colored diamond and gemstone dealer has been shut out the market place because of the defendants

unfair business practices. Plaintiff and the public will suffer and are suffering irreparable harm because Plaintiff is

unable to compete in a fair market place and Plaintiff and the public are unable to purchase colored gemstones and

colored diamonds and gemstones at a fair market price in a free market. The defendants mislabeling, over grading,

price fixing, under grading and valuation of colored diamonds and colored gemstones and gemstones in the marketplace

is creating chaos in the gemstone market place by forcing and Plaintiff and other consumers to use the defendants

fraudulent grading service because the defendants have flooded the market with their bogus reports and certificates

and services and dealers, buyers and sellers will not accept gemstones without the defendants bogus

certificates and reports and services because the Gia defendants and co-defendants have given the public

the false impression by using their unlawful business practices and false advertisement that their reports and

certificates are required to value a gemstone. This is completely false and Plaintiff and consumers are suffering

irreparable harm because Plaintiff and consumers cant buy or sell their gemstones without having the defendants

bogus grading reports and certificates even though the GIA defendants lack the expertise and universal standard

to issue the bogus reports , certificates and to provide grading services. Unless the GIA defendants and co-defendants

are restrained and enjoined from these illegal acts Plaintiff Nathan Smith, the public and consumers will continue

to suffer irreparable harm at the hands of the GIA defendants and their co-defendants.

13

Despite the GIA defendants own admission and advertisements the defendants still offered and are offering colored gemstone grading services and certificates to Plaintiff and the Public. Plaintiff Nathan Smith and the Public was tricked into buying and using the GIA defendants and Co-defendants bogus grading services and certificates because the GIA defendants had also advertised colored gemstone and colored diamond grading services at the same time and moment that the defendants were advertising that they don't provide these exact same services and certificates. Plaintiff Nathan Smith was unware of the defendants advertisement that they lack the expertise to grade colored stones. Plaintiff relied on and was tricked and induced in using the defendants services and certificates. Had Plaintiff known that the defendants lack the expertise to grade colored gemstones and colored diamonds. Plaintiff would have not used the defendants bogus grading services and certificates if not for the GIA defendants false advertisement Plaintiff would not used or purchased the GIA defendants and co-defendants bogus grading services and certificates. Plaintiff relied on the defendants false advertisement and Plaintiff was tricked and induced into using the defendants bogus grading services and certificates . Plaintiff suffered harm and injury and is in the immediate process of suffering irreparable harm and injury because of the defendants illegal and false advertisement and bogus grading services and certificates.

Plaintiff Nathan Smith respectfully ask that the Court enjoin the GIA defendants and co-defendants from continuing these unfair business practices in violation of UCL and continuing violations of the False Advertisement Laws FAL in the future. Otherwise Plaintiff

Nathan Smith and the Public at large will suffer or will be irreparably harmed and denied an effective and complete remedy.

The GIA defendants and co-defendants advertisement and statements that their grading certificates and reports and services performed or issued against a colored gemstone or gemstone creates the value of the gemstone is completely false because the free market creates the value of the gemstone not the GIA defendants and co-defendants grading services , reports and certificates.

14

Plaintiff may reasonably but incorrectly

assume the product was improved. Plaintiff wish to purchase the GIA defendants and co-defendants

certificates, services reports and products in the future but Plaintiff could not relied on the defendants advertisement

that they could also provide colored gemstone grading services and certificates, reports and colored diamond

grading and certificates representations and that the certificates create the value of the gemstone or colored diamond

gemstones with any confidence thus Plaintiff is most likely to suffer future injury.

The GIA defendants and

co-defendants illegal and false advertisements and unfair business practices is causing irreparable harm

to Plaintiff Nathan Smith because the colored gemstone and colored diamond market is being flooded with

the GIA defendants and co-defendants bogus reports and certificates that are bogus and that are labeling

the colored diamonds and colored gemstones submitted to the defendants wrongly therefore preventing the

public and Plaintiff Nathan Smith from knowing what gemstones are real or fake and the GIA defendants and

co defendants are creating a false impression in the colored diamond gemstone and colored gemstone

market that the defendants bogus certificates, reports and services are needed in order to value a gemstone or

determine if the gemstone is real or fake even though the GIA defendants and co-defendants based on

their own admissions and advertisements lack the expertise and universally accepted standards to grade

colored gemstones or colored gemstone diamonds. Therefore the defendants are causing and in the future

will continue to cause irreparable harm to the public and plaintiff Nathan Smith by continuing to falsely

advertise and offer colored gemstone and colored gemstone diamonds grading services, reports and certificates

despite the fact that the defendants based on their own advertisements and admissions lack the expertise and

universal accepted standard to offer colored diamond and colored gemstone grading services , reports and

certificates. Simply put the GIA defendants and the co-defendants should not be offering any colored

gemstone or colored diamond services because the defendants lack the expert to offer these services or issue

colored diamond reports or certificates or colored gemstone reports or certificates based on the defendants'

own admissions and advertisement .

15

Plaintiff Nathan Smith also bought his action pursuant to California Civil Code 1750 et seq (CLRA)

Plaintiff Nathan Smith is a consumer as defined by California Civil Code 1761(d) The Gia defendants and

co defendants sale of colored gemstone, colored diamond gemstone grading services and certificates

at its Gia laboratories located in Carlsbad California to Plaintiff Nathan Smith are goods within the meaning

of California Code Civil procedure 1761 (a) . The Gia defendants and co-defendants violated and continue to

violate the CLRA by engaging in the follow practices proscribed by California Civil Code 1770(a) in

transaction with Plaintiff Nathan Smith which were intended to result and did result in the sale of the online

services and merchandise and certificates. The Gia defendants and co-defendants violated California

Consumer Legal Remedies Act (CLRA) and California Civil Code 1750 when the defendants advertised

goods and services with the intent to not sell them as advertised. Pursuant to 1782(a) CLRA Plaintiff Nathan

Smith contacted the GIA defendants and co-defendants in writing and by phone regarding their particular

violations of 1770 of the CLRA and demanded that the defendants rectify the problems associated with

the actions detailed above and for the defendants to give notice to all affected consumers of the Gia defendants and

co defendants intent to act.   The advertisements and actions of the GIA defendants and co defendants are in

violation of both California False Advertisement Law (FAL ) and California Business and Professions Code 17500.

The GIA defendants and Co-defendants have flooded the colored gemstone and colored diamond

markets with their bogus certificates and services even though the defendants lack the expertise to

grade colored gemstones or colored diamonds and the defendants knew full and well based on

their own admissions and advertisements that their was no universal standard for grading colored

gemstones and colored diamonds but most importantly the defendants had advertised and are

currently advertising to Plaintiff and the Public that the defendants do not have the capabilities to

provide colored gemstone or colored diamond grading services



16

The defendants illegally price fixed, valuated and mislabeled, and under graded plaintiff's gemstones without Plaintiff's knowledge or permission and without disclosing this to plaintiff. These illegal and unfair business practices committed by the GIA defendants and co-defendants caused plaintiff's gemstone collection to decrease in value. it also caused chaos in the colored diamond market place and diamond market place because Plaintiff could not sell or buy colored gemstones or gemstones at a free and fair price in the gemstone market place and Plaintiff is unable to buy or sell his colored diamond gemstones because the defendants have price fixed, valuated and maintain and manipulated the pricing and selling and buying of colored and non colored gemstones in the gemstone market. This also includes the diamond gemstone market. Plaintiff is suffering and will suffer irreparable harm in the future as a direct result of the GIA defendants and co-defendants unfair business practices. Plaintiff is also unable to sell his colored diamonds without the GIA defendants and co defendants report or certificate because the defendants false advertisements and unfair business practices have left the impression in the public and retailer eyes that the defendants certificates and reports are needed in order to buy or sell colored and non colored gemstones . Plaintiff Nathan Smith is being irreparable harm by being required to purchase and use the defendants bogus reports and certificates and Plaintiff will continue to be irreparable harm in the future also because Plaintiff will still be required to use the defendants bogus certificates and reports in order to sell his colored diamond gemstones and gemstones. Plaintiff also learned from advertisement on the defendants website after submitting his gems to the defendants that the GIA defendants lack the expertise and universal accepted standard to grade colored gemstones. The defendants failed to disclose this fact to plaintiff during the purchase of the defendants reports , certificates and services.

18

The defendants illegally price fixed, valued and mislabeled, and under graded

plaintiff's gemstones without Plaintiff's knowledge or

permission and without disclosing this to plaintiff. These illegal and unfair business practices committed by

the GIA defendants and co-defendants caused plaintiff's gemstone collection to decrease in value. it also caused

chaos in the colored diamond market place and diamond market place because Plaintiff could not sell or buy

colored gemstones or gemstones at a free and fair price in the gemstone market place and Plaintiff is unable to

buy and sell his colored diamond gemstones because the defendants have price fixed, valued and maintain and

manipulated the pricing and selling and buying of colored and non colored gemstones in the gemstone market. This

also includes the diamond gemstone market. Plaintiff is suffering and will suffer irreparable harm in the future as

a direct result of the GIA defendants and co-defendants unfair business practices. Plaintiff is also unable to sell

his colored diamonds without the GIA defendants and co defendants report or certificate because the

defendants false advertisements and unfair business practices have left the impression in the public and retailer

eyes that the defendants certificates and reports are needed in order to buy or sell colored and non colored

gemstones. Plaintiff Nathan Smith is being irreparable harm by being required to purchase and use the

defendants bogus reports and certificates and Plaintiff will continue to be irreparable harm in the future also

because Plaintiff will still be required to use the defendants bogus certificates and reports in order to sell his

colored diamond gemstones and gemstones. Plaintiff also learned from advertisement on

the defendants website after submitting his gems to the defendants that the GIA defendants

lack the expertise and universal accepted standard to grade colored gemstones. The defendants failed to

disclose this fact to plaintiff during the purchase of the defendants reports, certificates and services.

The defendants illegally placed a value against plaintiff's gemstones without Plaintiff's knowledge or

permission and without disclosing this to plaintiff. The value that the defendants illegally placed against

Plaintiff's gemstones caused plaintiff's gemstone to decrease in value. Plaintiff also learned from advertisement on

the defendants website after submitting his gems to the defendants that the GIA defendants

lack the expertise and universal accepted standard to grade colored gemstones. The defendants failed to

disclose this fact to plaintiff during the purchase of the defendants reports, certificates and services.

18

The GIA defendants and co-defendants misleading and false advertisement and claim that they could provide colored gemstone grading or gemstone grading services with the 4cs and D-Z grading process was completely false because the 4cs of diamonds and the D-Z grading techniques involved three graders to determine the grade of a gemstone so their is no way that one individual could grade a gemstone using the 4cs of diamond or the D-Z grading techniques. The 4cs of diamonds and the D-Z grading yardstick technique also could not be used to grade colored diamond gemstones or colored gemstones because both of the techniques involve the absence or lack of color in a gemstone therefore they could not possibly be used effectively to grade any colored gemstone because the grading of colored gemstones involves the presence not the absence of color so the Statements and Advertisements made by the GIA defendants and co-defendants that their 4cs of diamonds and D-Z grading yardstick could be used to grade colored gemstones was completely false and misleading. Plaintiff Nathan Smith, the public and the California and American consumers were all mislead by the GIA defendants misleading statements and false advertisements concerning the defendants bogus grading services, reports and certificates.

THE GIA DEFENDANTS AND CO-DEFENDANTS HAVE ENGAGED IN UNAWFUL BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200

Business and Professions Code section 17200 et seq defines unfair competition as any unlawful, unfair or fraudulent business practice. In drafting the UCL the legislature intentionally used sweeping language and empowered the Courts to issue injunctions to curb any such business practices in whatever context such activity occur. The GIA defendants business acts and practices, constitute unfair competition because they are unlawful. The UCL borrows violations of other laws and makes then actionable as unlawful business practices. An unlawful business act or practice includes any activities forbidden by law. be it civil, criminal, federal, state or municipal, statutory or regulatory or court made. As described throughout these pleadings the defendants business practices violate various provisions of California 's Business and Professions Code and are unlawful.
CONCLUSION

For the foregoing reasons , Plaintiff Nathan Smith respectfully ask that the Court issue the proposed preliminary injunction in order to stop the defendants illegal business practices and false advertisement and other unlawful conduct as set forth in Plaintiff's first Amended Complaint , Declaration and this Motion

PLAINTIFF IN PRO SE
7- -21 NATHAN SMITH

19

TABLE OF CONTENTS

ARGUMENT

Business and Professions Code Sections 17203 and 17535

LEGA;L STANDARD

Winter v Nat Res Def Council Inc 555 U.S. 7 22 (2008)

City of Pontiac Retired Emps Ass n v Schimmel 751 f3d 427 (6th Cir 2014

Amoco Prod Co v Vill of Gambell 480 U.S. 531 546 n 12 (1987)

LIKELIHOOD OF SUCCESS ON MERITS

Ohio Forestry Ass'n

Inc v Sierra Club 523 U.S. 726 733 (1998) quoting Abbott Laboratories v Gardner 387 U.S. 136, 149, (1967)

California Business and Profession Code 17500

BUSINESS AND PROFESSIONS CODE 17200

California Civil Code 1750 et seq (CLRA}

California False Advertisement Law and California Business and Professions Code 17500.

Plaintiff Nathan Smith will be irreparably harmed without an injunction

FRCP 12(a)4

20

Exhibits
A, B, C, D, E, F

1    11040 Otsego street
     North Hollywood California 91601
2    meteor@inorbit.com
     PLAINTIFF IN PRO SE
3    NATHAN SMITH

4

5              IN THE UNITED STATES DISTRICT COURT FOR
                  THE CENTRAL DISTRICT OF CALIFORNIA
6

7

8    NATHAN SMITH                          CASE# LACV21-3242-RGK-KES

9    V                            PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

10                                IN SUPPORT OF PLAINTIFF'S EMERGENCY TEMPORARY
                                  RESTRAINING ORDER AND PRELIMINARY INJUNCTION
     GIA DEFENDANTS  ET AL
11

12

13       PLAINTIFF NATHAN SMITH RESPECTFULLY ASK THE COURT TO TAKE JUDICIAL NOTICE OF THE

14   ATTACHED DOCUMENTS FILED IN SUPPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING

15   ORDER AND PRELIMINARY INJUNCTION AGAINST THE GIA DEFENDANTS AND CO-DEFENDANTS

16

17   JUDICIAL NOTICE OF INFORMATION OBTAINED FROM A WEB SITE IS PROPER WHEN NEITHER PARTY

18   QUESTIONS THE AUTHENICITY OF THE SITE .  POLLSTAR V GIGAMANIA LTD 170 SUPP 2D 974

19   978 (E.D. CAL 2000)

20

21

22

23                                         21

24

25

26

27

28

Plaintiff ask the court to take judicial notice of exhibit A

A screengrab of the GIA defendants and co-defendants websites showing undisputedly

that the GIA defendants and co-defendants are were advertising and are currently advertising

on the their website and the world wide web that the defendants do not issue grading reports for

colored stones.   This is False advertisement because the defendants offered , advertised and sold

colored stone grading reports, services and certificates

to Plaintiff Nathan Smith and the public and California and American

Plaintiff ask the Court to take notice of Exhibit B

A screengrab of the GIA defendants and co-defendants websites showing undisputedly

that the GIA defendants and co-defendants are were advertising and are currently advertising

on the their website and the world wide web that the defendants do not issue grading reports for

colored stones.   This is False advertisement because the defendants offered , advertised and sold

colored stone grading reports, services and certificates

to Plaintiff Nathan Smith and the public and California and American

Consumers.

Plaintiff Nathan Smith respectfully ask this Court to take judicial notice of exhibit F

A page from the GIA defendants and co defendants publications the D-Z color grading

colored diamonds which shows that the defendants created the D-Z grading and 4cs of

diamonds in order to set the value and diamonds in the marketplace and that this is

the reason that retailers are using the defendants bogus D-Z grading and 4cs of diamond

technique because it allows the defendants to price fix and secretly set the value of

diamonds in the diamond market place.

7-6-21

22

1      Plaintiff respectfully ask this Court to take judicial notice of Exhibit C

2  A screengrab of the GIA defendants and co-defendants website showing the defendants

3  false advertising colored stone reports and services even though the defendants lack the

4  expertise and universal accepted standards to grade colored stones and despite the fact the

5  defendants were at the same time and moment advertising to Plaintiff and the

6  public and consumers that the defendants did not in fact

7  provide colored stone grading reports ,services or certificates and that the defendants lack

8  the expertise and universally accepted standards to grade colored stones.

9

10      Plaintiff respectfully ask the Court to take judicial notice of exhibit D

11  A screengrab of the GIA defendants and co-defendants website showing the

12  defendants offering colored diamond reports, services and certificates even though

13  at the same time and moment the defendants were and are currently advertising to Plaintiff and

14  the Public and consumers that the defendants lack the expertise and universally accepted standards to

15  grade colored stones.

16

17      Plaintiff respectfully ask this Court to take judicial notice of exhibit E

18  A screengrab of the GIA defendants and co-defendants website showing that the

19  defendants are falsely advertising that their grading services, reports and certificates

20  create the value of a gemstone. This advertisement by the defendants is completely

21  false.

22

23  Plaintiff Nathan Smith respectfully ask this Court to take judicial notice of exhibit F

24  A page from the GIA defendants and co defendants publications the D-Z color grading

25  colored diamonds which shows that the defendants created the D-Z grading and 4cs of

26  diamonds in order to set the value and diamonds in the marketplace and that this is

27  the reason that retailers are using the defendants bogus D-Z grading and 4cs of diamond

28  technique because it allows the defendants to price fix and secretly set the value of

    diamonds in the diamond market place

Add Page

# Why doesn't *A* GIA issue grading reports for colored stones?

There is currently no broadly accepted grading system for colored stones. The grading of colored stones is a highly complex process with countless variables that makes a universal grading system difficult to establish.

24

**FREQUENTLY ASKED QUESTIONS**



# Does GIA grade sapphire or other colored stones?

GIA doesn't **grade** or provide quality analysis for sapphire or **other colored** stones. GIA Gemological Identification Reports assess the characteristics of a stone (weight, measurements, shape, cutting style and color), determine if it is natural or laboratory-grown, indicate detectable treatments and, at the client's requests, will issue an opinion on geographic origin, when possible.

25

ANALYSIS & GRADING

# COLORED STONE REPORTS & SERVICES

SUBMIT YOUR GEM NOW

## AVAILABLE REPORTS

26

# COLORED DIAMOND REPORTS





## Colored Diamond Grading

While the vast majority of diamonds fall in the D-to-Z color range, nature occasionally produces diamonds with a naturally occurring blue, brown, pink, deep yellow or even green hue. The geological conditions required to yield these colors are rare, making diamonds with distinct and naturally occurring shades scarce and highly prized.

27



*Figure 2. This 16.04 ct D-color, VVS2 (potentially Flawless) round brilliant set an auction record for per-carat price for a colorless diamond when it sold for US$208,500 per carat in May 2008. Courtesy of Christie's.*

Attracted by the system's ability to generate a diamond's market value based on the new quality grades and other concepts regarding diamond proportions and appearance (Gilbertson, 2007), jewelers flocked to GIA to get a better understanding of diamond valuation. GIA's new system launched the scale of "D to Z" for color grading. Regarding the unusual starting point (the letter *D*), Richard Liddicoat (Liddicoat, n.d.; *Gem Talk*, 1981) stated the choice was made to differentiate the GIA system from other less clearly defined ones that used designations such as "A," "AA," or metaphoric terms like those noted above.

As jewelers went home to grade their own diamonds, they started to question some of their decisions and sent the diamonds to GIA for checking by their instructors. Over time, this informal practice led to GIA's diamond grading laboratory service, with the first formal reports issued in 1955.

For more than 50 years, this grading system has been taught by GIA Education and used in the GIA Laboratory. The combination of understandable letter designations for color grades, the availability of a standardized grading environment and sets of diamonds as color references, and GIA's ability to teach the basics of this system to others provided a new level of stability and confidence in diamond commerce. In the decades since its introduction, the D-to-Z nomenclature has been adopted virtually worldwide for the sale, purchase, and evaluation of pol-

ished diamonds. Consequently, other grading laboratories also use this nomenclature, sometimes in combination with their own. While most claim to use the GIA system, however, it is not likely that it is applied as it is at the GIA Laboratory. *Using the same color grading terms does not constitute adhering to the conditions or methodology of the GIA system.* The reasons for this should be evident by the end of this article.

**The Origin of GIA's Viewing and Comparator Standards.** In 17th century India, Tavernier (1676) noted, diamonds were color "graded" at night by lamplight. By the 19th century, however, daylight was the worldwide standard in which gemstones were observed to discern their color (Chester, 1910; Cattelle, 1911; Wade, 1915, 1916; Ferguson, 1927). Unfortunately, the characteristics of daylight vary (throughout the day, in different locations around the globe, and at different times of the year), and these differences in light quality can significantly affect the color appearance of gemstones (Cattelle, 1911; Wade, 1915; Sersen and Hopkins, 1989).

The historical methods used to observe and compare diamond color were just as variable as the type of illumination itself. Observers held diamonds in the palms of their hands or between their fingers, typically examining them against a range of different backgrounds (Tavernier, 1676; Mawe, 1823; Feuchtwanger, 1867; Morton, 1878; Wodiska, 1886; "On diamonds," 1902; Wade, 1916). For most of history, of course, diamonds were so rare that very fine color distinctions among them were not needed, so the trade could function using such simple evaluation techniques.

With the discovery of large deposits in southern Africa in the late 19th century, more diamonds entered the marketplace than ever before. This influx generated a greater desire (more specifically, a commercial need) for finer color distinctions. By the early 20th century, certain minimal standards for color grading had evolved, as summarized from Wade (1916):

1. Use "good north light unobstructed by buildings or other objects. There must not be any coloured surface nearby to reflect tinted light, as a false estimate might easily result."

2. Color grade diamonds only between 10 a.m. and 2 p.m.

3. Do not use artificial light.

4. Always use the same location for color grading

  

**FREQUENTLY ASKED QUESTIONS**

# Will GIA appraise my diamond?

Although GIA does not perform appraisals, a GIA laboratory report does independently confirm the quality characteristics that determine value. While GIA can't recommend an individual appraiser, there are several appraisal associations and networks that can help you locate one in your area.

