JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03242-RGK-(KESx) | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Nathan Smith v. GIA, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [DE 13]

## I. INTRODUCTION

On April 15, 2021, Nathan Smith, a pro se litigant, ("Plaintiff") filed a Complaint against Gemological Institute of America, Inc. ("GIA"), Susan Jacques, Tom Moses, Nathan Renfro, and Jennifer Wilson (collectively, "Defendants") alleging violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"); False Advertisement Laws, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"); and California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"). At first, Plaintiff's Complaint asserted that the Court had subject matter jurisdiction based on diversity. The problem, however, was that the Complaint alleged both he and Defendants were residents of California.

On May 6, 2021, Defendants moved to dismiss for lack of subject matter jurisdiction and for Plaintiff's failure to obtain the Court's permission to file the lawsuit before filing. More specifically, Defendants argued that because both Defendants and Plaintiff are both citizens of California, diversity could not be a basis of jurisdiction. Defendants also contended that because the Los Angeles Superior Court found Plaintiff to be a vexatious litigant under sections 391(b)(2) and 391(b)(3) of the California Code of Civil Procedure, this Court should exercise its discretion to dismiss the action for Plaintiff's failure to obtain pre-filing approval of this Court.

On May 10, 2021, Plaintiff filed a First Amended Complaint ("FAC") adding three federal claims under the Sherman Act, 15 U.S.C. §§ 1, 2, and one state law claim under the Cartwright Act, Cal. Bus. & Prof. Code § 16700. Plaintiff also added AGS, DB Investments Inc., De Beers S.A., De Beers Consolidated Mines, Ltd., CSO Valuations, Central Selling Organization, De Beers Centenary, and John

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03242-RGK-(KESx) | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Nathan Smith v. GIA, et al.* | | |

King as defendants to the FAC. Through the addition of the Sherman Antitrust claim, Plaintiff now asserts that the Court has subject matter jurisdiction based on federal question.

On May 26, 2021, Defendants once again moved to dismiss Plaintiff's FAC. The Court struck Plaintiff's Opposition to Defendants' Motion for filing documents with incorrect formatting. A week later, Defendants filed a Reply in support of their Motion.

Now before the Court is Defendants' Motion to Dismiss Plaintiff's FAC. For the following reasons, the Court **GRANTS** Defendants' Motion.

## II.      FACTUAL BACKGROUND

In his FAC, Plaintiff alleges:

Plaintiff owns the largest and most expensive diamonds in the world. (FAC ¶ 12, ECF No. 11.) Defendants GIA and AGS conspired with Defendants De Beers Investments Incl., De Beers S.A., De Beers Consolidated Mines Ltd., De Beers Diamond Trading Company, CSO Valuations, Central Selling Organization, and De Beers Centenary to develop the 4Cs of diamond grading to monopolize and price fix the worldwide diamond grading market. (FAC ¶ 1.)

Defendants' scheme to use this "bogus" diamond grading concept allowed them to engage in antitrust activities against Plaintiff and the public. (*Id.*) Defendants concealed their mass conspiracy from Plaintiff and the public. (*Id.* ¶ 7.)

Defendants' grading system for colored gemstones is a fraudulent business because Defendants lack the ability to provide that service. (*Id.*) Plaintiff purchased and received one or more of the fraudulent colored gemstone grading certificates which incorrectly identified his "million dollar or more" pink gemstone diamond as an amethyst worth ten dollars. (*Id.* ¶¶ 42, 45.)

As Plaintiff is a certified diamond grader, miner, gemologist, crystallographer, and mineralogist, he believes the gemstone is in fact a pink diamond because the stone registered a 550nm spectrum on Plaintiff's spectrometer. (*Id.* ¶¶ 43-45.) Because of this misidentification caused by Defendants' fraudulent gemstone grading scheme, Plaintiff was unable to sell his gem in a free and open diamond market. (*Id.* ¶ 46.) Plaintiff's multi-billion-dollar diamond collection has suffered depreciation because of Defendants' antitrust conduct. (*Id.* ¶ 46.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03242-RGK-(KESx) | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Nathan Smith v. GIA, et al.* | | |

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Dismissal is appropriate under Rule 12(b)(1) where a court lacks subject matter jurisdiction over the plaintiff's claims. Fed. R. Civ. P. 12(b)(1). The Court begins with the principle that "[f]ederal courts are courts of limited jurisdiction" and presumptively lack jurisdiction over an action. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US. 375, 377 (1994). The burden of demonstrating subject matter jurisdiction rests on the party asserting jurisdiction. *Id.*

### IV. DISCUSSION

#### A. Federal Claims – The Sherman Act

Plaintiff has failed to sufficiently plead his federal claims because most of Plaintiff's assertions are legal conclusions cast in the form of factual allegations. *See Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). Generally, jurisdiction cannot be defeated by "the possibility that the averments might fail to state a cause of action." *Bell v. Hood*, 327 U.S. 678, 682 (1946). But courts may dismiss a suit "for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* at 683. As explained below, the addition of federal claims to

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03242-RGK-(KESx) | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Nathan Smith v. GIA, et al.* | | |

the FAC was made solely for the purpose of obtaining federal jurisdiction. The Court therefore dismisses the case, in its entirety, for lack of jurisdiction.

      i.     *Section 1 of the Sherman Act – Rule of Reason*

Section 1 of the Sherman Act declares that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations is . . . illegal." 15 U.S.C. § 1. To establish a claim under Section 1, a plaintiff must demonstrate "(1) that there was a contract, combination, or conspiracy; (2) that the agreement unreasonably restrained trade under either a per se rule of illegality or a rule of reason analysis; and (3) that the restraint affected interstate commerce." *Hairston v. Pac. 10 Conf.*, 101 F.3d 1315, 1318 (9th Cir. 1996) (quoting *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1410 (9th Cir. 1991)).

Plaintiff simply alleges that there is a contract between Defendants in a worldwide conspiracy to restrain diamond trade and affect interstate commerce. Plaintiff's recitation of these elements is insufficient to state a claim under Section 1.

      ii.    *Section 2 of Sherman Act - Unlawful Monopolization and Attempted Monopolization*

Plaintiff also alleges that Defendants violated Section 2 of the Sherman Act through unlawful monopolization or attempted monopolization. Plaintiff fails to adequately plead both claims.

Section 2 of the Sherman Act makes it an offense to monopolize, attempt to monopolize, or combine or conspire to monopolize any part of the nation's interstate or foreign commerce. 15 U.S.C. § 2. To state a claim under Section 2 for *actual* monopolization, the plaintiff must allege two elements: "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1996). To state a claim under Section 2 for *attempted* monopolization, the plaintiff must allege four elements: (1) the product and geographic dimensions of the relevant market that the defendant has purportedly attempted to monopolize; (2) that the defendant has engaged in predatory or otherwise anticompetitive conduct likely to result in monopolization of the market, as opposed to vigorous but still lawful competition; (3) defendant specifically intended to acquire monopoly power within the market; and (4) that if left unchecked, an actual monopoly position will be achieved. *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993); *see U.S. v. E.I. du Pont de Nemours & Co.*, 351 U.S. 377, 380 (1956).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03242-RGK-(KESx) | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Nathan Smith v. GIA, et al.* | | |

Plaintiff's allegations are almost entirely conclusory. Even Plaintiff's few non-conclusory allegations, such as his assertion that GIA graders' certifications are worth less than a high school diploma, (FAC ¶ 25), are insufficient.

Given the case's procedural posture, the Court concludes that Plaintiff added his federal claims to his FAC to manufacture federal question jurisdiction and to avoid the pre-filing order required of him in the California courts. Thus, there is no subject matter jurisdiction over this suit.

    **B.**    **Untethered State Law Claims**

Without Plaintiff's federal claims, his state law claims are insufficient to invoke federal question jurisdiction in this case. But even if the Court were to consider alternative bases of jurisdiction for Plaintiff's state-law claims, all would fail. For example, Plaintiff insists that the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367. Even if this were a proper basis to assert jurisdiction, the Court would decline to exercise supplemental jurisdiction since Plaintiff's state law claims entirely predominate over the claim over which the Court had original jurisdiction (the now dismissed antitrust claims). The Court therefore **DISMISSES** this case with prejudice.

**V.**    **CONCLUSION**

For the foregoing reasons, the Court **GRANTS with prejudice** Defendants' Motion to Dismiss Plaintiff's FAC.

**IT IS SO ORDERED.**

                                                                                           :

Initials of Preparer